**Gary LITTLEJOHN, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 01–16265.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2002.

Filed March 5, 2003.

---

**28.** *Id.* at 1007–08.

Thomas M. Witte, Fair Oaks, CA, for the plaintiff-appellant.

Greg Addington, Assistant United States Attorney, Reno, NV, for the defendant-appellee.

Before: D.W. NELSON, BEEZER and WARDLAW, Circuit Judges.

## OPINION

BEEZER, Circuit Judge:

In August 1998, the Department of Veterans Affairs ("VA") awarded Gary Little-

john disability benefits for disabilities stemming from a series of strokes. In a subsequent action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, Littlejohn alleged negligence on the part of two VA physicians who treated him before he began suffering grand mal seizures in connection with the strokes.

Before the district court, Littlejohn argued that the two administrative decisions of the VA relating to his disability claims (the "Rating Decisions") were entitled to claim and issue preclusive effect in his FTCA action. The district court disagreed. After a bench trial, the district court entered judgment for the government. Littlejohn timely appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

In September 1996, Littlejohn, a veteran, was examined at the VA Medical Center in Reno, Nevada ("VA Reno"). He complained of intermittent tingling and numbness in his hands and arms, as well as dizziness. Littlejohn also complained of memory loss and intermittent diplopia (double vision). Littlejohn was scheduled for a neurological consultation, which took place on September 27, 1996.

At that consultation, Littlejohn was examined by Dr. John Eaton, a neurologist. Dr. Eaton concluded that Littlejohn did not suffer from any neurological diseases. Two weeks later, Littlejohn was hospitalized after suffering grand mal seizures. An MRI revealed that Littlejohn had suffered a series of strokes.

In December 1996, Littlejohn filed a disability claim with the VA, requesting benefits based on disabilities traceable to the stroke incident. He claimed entitlement to benefits under 38 U.S.C. § 1151 (" § 1151"). This statute provides for VA

disability payments if claimants can show their disabilities are:

> caused by hospital care, medical or surgical treatment, or examination furnished the veteran ... in a[VA] facility ... and the proximate cause of the disability ... was ... carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the [VA] in furnishing the hospital care, medical or surgical treatment, or examination; or ... an event not reasonably foreseeable....

38 U.S.C. § 1151(a)(1).

The VA issued a Rating Decision in August 1998 (the "1998 Rating Decision"). The 1998 Rating Decision reviewed the evidence submitted by Littlejohn and referred to an earlier review of the case conducted by Dr. R.F. Riordan, the Regional Office Medical Officer. Dr. Riordan expressed the opinion that Littlejohn did not receive quality medical care or a correct, timely diagnosis from VA Reno's doctors. Dr. Riordan concluded that the effect of this failure on Littlejohn's disability was indeterminable, but was probably considerable. Based on the record before her, the examiner resolved all reasonable doubts in Littlejohn's favor and concluded that he was entitled to benefits under § 1151.

One month after the 1998 Rating Decision was issued, Littlejohn claimed entitlement to further disability payments, alleging his disability was now total. He also claimed entitlement to an earlier effective date for his award, going back to the time of his seizures.

The VA issued another Rating Decision in August 1999 (the "1999 Rating Decision"), which specifically recognized that Littlejohn's earlier claim was granted because VA medical staff should have done more testing and such testing might have

prevented Littlejohn's strokes or allowed for earlier treatment. In this 1999 Rating Decision, the VA granted portions of Littlejohn's request for greater benefits, but denied his request related to the award's effective date. In making these determinations, the examiner again found that a number of Littlejohn's disabilities resulted from VA hospitalization or medical treatment.

In addition to his disability claims, Littlejohn filed a claim with the VA under the FTCA, alleging negligence on the part of two VA physicians and requesting damages of $5,000,000. The VA denied this claim through non-action. Littlejohn then filed an FTCA action in the district court, with his operative complaint requesting damages in excess of $2,000,000.

Littlejohn moved for summary judgment on the issue of liability under the FTCA, arguing that the VA's Rating Decisions have preclusive effect, establishing liability for negligence under his FTCA claim. The district court denied the motion. A bench trial followed. During the trial, Littlejohn moved for a directed verdict on the issue of liability, again arguing the preclusive effect of the VA's Rating Decisions. This motion was taken under submission until the end of trial.

Following trial, the district court entered findings of fact, conclusions of law and judgment for the government. The court did not make an express ruling on the directed verdict motion. The district court ultimately concluded that Littlejohn's VA physicians were not negligent under the FTCA and their treatment of Littlejohn was not a proximate cause of his stroke-related disabilities. On appeal, Littlejohn claims that the district court

must give claim or issue preclusive effect to the VA's Ratings Decisions.[1]

## II

■ Claim preclusion and issue preclusion are related doctrines used to protect the finality of decisions and prevent the proliferation of litigation. *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1160 (9th Cir.2002). The two doctrines are based on the same general principle: After a claim or issue is properly litigated, that should be the end of the matter for the parties to that action. Although the two doctrines are related, they protect distinct values and may be used in different ways. *See, e.g., Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Littlejohn invokes both doctrines in this appeal. The district court's application of the two doctrines involves a mixed question of law and fact, which we review *de novo*. *A & A Concrete, Inc. v. White Mountain Apache Tribe*, 781 F.2d 1411, 1414 (9th Cir.1986).

### A

Littlejohn contends that FTCA liability is established by the VA's Rating Decisions under traditional claim preclusion principles. We disagree. Littlejohn's claim preclusion argument fails because the VA could not assert its FTCA causation defense in the disability benefit proceedings. We further hold that claim preclusion is incompatible with the statutory purposes underlying the veterans' disability and FTCA statutory schemes.

#### 1.

■ Claim preclusion prevents the relitigation of claims previously tried and

---

**1.** Littlejohn does not contest the district court's findings of fact, only the district court's ability to make these findings.

decided.[2] *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir.1992). It bars the subsequent application of all defenses that could have been asserted in a previous action between the same parties on the same cause of action, even if such contentions were not raised. *Id.* Traditionally four factors are considered when determining whether successive lawsuits involve the same "cause of action":

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action;
>
> (2) whether substantially the same evidence is presented in the two actions;
>
> (3) whether the two actions involve infringement of the same right; and
>
> (4) whether the two actions arise out of the same transactional nucleus of facts.

*Id.* at 1320. This cause of action analysis is unnecessary, however, when a ground of recovery or defense could not have been asserted in the prior action. *See id.* at 1321. In such cases, the defense or ground of recovery falls outside the scope of claim preclusion. *Id.; see also Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

■ Littlejohn primarily contends that his disability claim and his FTCA claim involve the same cause of action. We find it unnecessary to reach this argument because Littlejohn's claim preclusion argument falters on a more fundamental level: The VA was unable to raise its causation defense in Littlejohn's disability benefit proceedings.[3]

■ The structure of the disability benefit process prevented the VA from raising a causation defense at that time. Disability hearings are *ex parte* and non-adversarial. *See Manio v. Derwinski*, 1 Vet.App. 140, 144 (1991); *see also Forshey v. Principi*, 284 F.3d 1335, 1355 (Fed.Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002). Evidence presented in a § 1151 benefits hearing is limited to information presented by the claimant and certain types of information discovered by the VA. *See* 38 C.F.R. §§ 3.103, 3.159, 3.328. The VA is not authorized to develop evidence for the purpose of challenging the claimant, but rather is required to "assist a claimant in developing the facts pertinent to [his or her] claim." 38 C.F.R. § 3.103.[4] When a medical issue is obscure, complex or sufficiently contro-

---

2. We use the term "claim preclusion" rather than "res judicata" for purposes of clarity. *See* 18 James Wm. Moore et al., *Moore's Federal Practice* § 131.10 (3d ed.2002) (discussing use of these terms).

3. Because this case involves the claim preclusive effect of an administrative decision, the most appropriate analysis presumes claim preclusion applies unless "a statutory purpose to the contrary is evident." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991) (internal quotation marks omitted). Although we follow the parties in using the traditional claim preclusion criteria, the result is the same under the *Astoria* analysis. *See infra,* Part II.A.2.

4. Although the scope of this duty recently has been in flux, these differences are immaterial for purposes of this appeal. *Compare Epps v. Gober*, 126 F.3d 1464, 1468–69 (Fed.Cir.1997) (holding that a claimant for veterans' disability benefits must submit and establish a "well grounded" claim before the VA is required to provide assistance), *with* Veterans Claims Assistance Act of 2000, Pub.L. No. 106–475, § 4, 114 Stat.2096 (2000) (amending 38 U.S.C. § 5107(a) to remove "well grounded" language); *see also Bernklau v. Principi*, 291 F.3d 795, 803 (Fed.Cir.2002) (recognizing the overruling of *Epps* ).

versial, however, an independent medical examiner may be consulted. 38 C.F.R. § 3.328.

This claimant-friendly system provides no opportunity for the VA to develop and offer evidence of the kind that eventually proved the undoing of Littlejohn's FTCA claim.[5] Claim preclusion is inappropriate.

This conclusion is not altered by Littlejohn's argument that refusing to apply claim preclusion in this FTCA action results in impermissible judicial review of the VA's disability determinations, violating 38 U.S.C. § 511.[6] We recognize that 38 U.S.C. § 7292(c) designates the Federal Circuit as the only Article III court with jurisdiction to hear challenges to VA determinations regarding disability benefits and this review is limited by § 511.[7] *See Price v. United States*, 228 F.3d 420, 421 (D.C.Cir.2000) (per curiam) (summarizing review system), *cert. denied*, 534 U.S. 903, 122 S.Ct. 234, 151 L.Ed.2d 168 (2001). Littlejohn's judicial review argument fails, however, because he has not shown how the adverse decision in the present case could possibly have any effect on the benefits he has already been awarded. *Cf.* 38 C.F.R. § 3.105 (governing revision of decisions). Without any diminution of his entitlement to disability benefits, we see no way in which a decision on the merits of

Littlejohn's FTCA claim amounts to judicial review of the § 1151 proceedings.

The district court was correct in refusing to give claim preclusive effect to the VA's Rating Decisions. Littlejohn's attempt to treat disability hearings as an adversarial process is foreclosed by Congress, the courts and the VA's regulations.[8]

2.

As part of his argument that the Rating Decisions are entitled to claim preclusive effect, Littlejohn argues that not only *could* the VA bring forward the evidence that eventually defeated his FTCA claim, but that the VA *should* have done so. We have already rejected the first argument, but we also address the second.

■■■ Littlejohn argues for giving claim preclusive effect to an adjudicatory decision by an administrative agency. Agency decisions usually are entitled to claim preclusive effect, but this does not hold universally. *See Astoria,* 501 U.S. at 107, 111 S.Ct. 2166. The suitability of administrative claim preclusion "may vary according to the specific context of the rights at stake, the power of the agency, and the relative adequacy of agency procedures."

---

**5.** This conclusion is reinforced by the separate administrative procedures set up by the VA to deal with FTCA claims. *Compare* 38 C.F.R. § 14.600–.605 (FTCA procedures), *with* 38 C.F.R. § 3.100–.115 (procedures for disability benefit claims).

**6.** Section 511 provides, with certain exceptions, that decisions related to the provision of veterans' benefits "may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511.

**7.** Section 7292 provides, in relevant part:

The United States Court of Appeals for the Federal Circuit shall have exclusive juris-

diction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to the decision.
38 U.S.C. § 7292(c).

**8.** *See, e.g.,* 38 U.S.C. § 5107(a) (1994) (requiring the VA to assist claimants); *Hodge v. West,* 155 F.3d 1356, 1362 (Fed.Cir.1998) ("[The Federal Circuit] and the Supreme Court both have long recognized that the character of the veterans' benefits *statutes is* strongly and uniquely proclaimant"); 38 C.F.R. § 3.102 ("It is the defined and consistently applied policy of the [VA] to administer the law under a broad interpretation . . . .").

*Id.* at 109–10, 111 S.Ct. 2166. These concerns with administrative claim preclusion differ in some ways from the traditional claim preclusion test for judicial proceedings. *Id.* The Supreme Court teaches that we "may take it as given" that Congress has legislated with an expectation that administrative agency decisions decided in a judicial capacity are entitled to preclusive effect except when a statutory purpose to the contrary is evident. *Id.* at 108.

We hold that the statutory purposes embodied in § 1151 and the FTCA are incompatible with giving claim preclusive effect for FTCA purposes to decisions granting benefits under § 1151. *See Astoria,* 501 U.S. at 108–10, 111 S.Ct. 2166. The system established by Congress currently allows benefit determinations and tort claims to take place in separate judicial forums. *See* 28 U.S.C. § 1346(b)(1) (providing for district court jurisdiction over FTCA claims); 38 U.S.C. §§ 511, 7292 (providing for exclusive jurisdiction in the Federal Circuit for limited review of VA disability determinations). This separation reflects the underlying purpose of § 1151 and the entire veterans' benefit program, namely ensuring that veterans, who have put their lives at risk in defending our nation and its liberties, are treated fairly by the same government that has asked so much from them. *See* 38 U.S.C. § 1110; *Hodge,* 155 F.3d at 1362–63. At the same time, § 1151 does not purport to make veterans whole, representing a tension between equitable concerns and fiscal limitations.

These underlying purposes explain the informal nature of § 1151 proceedings, along with the proceedings' low standard of proof and other claimant-friendly procedures. These purposes are also reflected in the limited benefits available to beneficiaries. Section 1151 provides a baseline of support for veterans, in contrast to the FTCA, which potentially allows veterans to be made whole when the government is at fault for their disabilities stemming from VA medical treatment.

Congress expressly recognized these differing roles when it provided for the integrated handling of FTCA and § 1151 awards to prevent double recoveries. 38 U.S.C. § 1151(b); *see also United States v. Brown,* 348 U.S. 110, 113, 75 S.Ct. 141, 99 L.Ed. 139 (1954) (FTCA and disability benefits are both available for veterans injured by VA hospital treatment). Littlejohn's recommended modifications to the VA's disability benefit procedures, suggested to protect the government against any claim preclusive effect given to VA Rating Decisions granting benefits, are incompatible with this system. They are foreclosed by law and would risk turning benefit determinations into FTCA battlegrounds. *Cf. Hodge,* 155 F.3d at 1360, 1362–63 (refusing to import definition of term from Social Security context because VA system is more claimant-friendly); *Gregory v. Bowen,* 844 F.2d 664, 666 (9th Cir.1988) (refusing to give claim preclusive effect to Social Security determination because "res judicata should not be applied rigidly in administrative proceedings").

Nor is giving claim preclusive effect to these determinations compatible with the FTCA. The FTCA allows veterans to be made whole, under certain circumstances, but this may involve monetary claims that dwarf the benefits available under § 1151. Littlejohn's claims are precisely of this kind. The monetary gap between his disability award and the $2 million he demands in his FTCA complaint explains the need for the higher standards of proof, the enhanced ability of the government to offer evidence and the greater number of defenses available to the government that are generally associated with FTCA actions.

Littlejohn contends that claim preclusion is consistent with these statutes because both the FTCA and § 1151 focus on his right to be free from negligent medical treatment. This is not the case. Section 1151 is not directed at forbidding or punishing negligence. Instead, it provides an entitlement to benefits by defining when certain types of disabilities and injuries are to be treated as "service-connected." 38 U.S.C. § 1151(a).

Although § 1151 may track the requirements for FTCA liability in some ways and for some cases, it also reaches beyond negligence, and at times even beyond fault. *See* 38 U.S.C. § 1151(a)(1)(B) (including "an event not reasonably foreseeable" as justification for a benefits award). This indicates that § 1151 is more focused on the injury to the veteran than on the fault of the VA.

The qualification requirements simply serve to ensure that claimants meet *some* standard of proof before becoming entitled to disability benefits.[9] The statute's standards reflect a dividing line meant to limit the government's financial exposure. *See* H.R. Conf. Rep. 104–350, at 1289 (1995) (noting savings of $89 million in fiscal year 1996 growing to savings of $2.498 billion over the period from fiscal year 1996 to 2002 with the reinstatement of a "fault test"). The overlapping coverage of § 1151 and the FTCA is compatible with the recognition that these two statutory schemes serve separate purposes. Littlejohn's argument to the contrary is unavailing. He is not entitled to claim preclusive effect for the VA Rating Decisions relied upon in this case.

**B**

Littlejohn also invokes issue preclusion as an independent ground upon which the district court's judgment should be reversed.[10] This argument fails as well.

 Issue preclusion bars the relitigation of issues actually adjudicated in previous litigation between the same parties. *Clark*, 966 F.2d at 1320. A party invoking issue preclusion must show:

1) the issue at stake is identical to an issue raised in the prior litigation;

2) the issue was actually litigated in the prior litigation; and

3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.

*Id.* The Supreme Court has elaborated on the "actually litigated" requirement, recognizing that issue preclusion is inappropriate where the parties have not had a full and fair opportunity to litigate the merits of an issue. *See Allen v. McCurry*, 449 U.S. 90, 94–95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

 The procedures established for § 1151 claims provided the government with neither the tools nor the opportunity to fully litigate the negligence and causation questions in Littlejohn's case. *See supra*, Part II.A.1. In this context, issue preclusion is inappropriate.

 The unavailability of issue preclusion is reinforced by the differences in the burdens of proof in the two proceedings.

---

9. This rationale was advanced by the government in *Brown v. Gardner*, 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). Although the *Brown* court rejected that contention, *see* 513 U.S. at 119, 115 S.Ct. 552, Congress then amended § 1151, explicitly adopting a "fault test" as a method of establishing when an injury is "service-connected." *See* Pub.L. No. 104–204, § 422(a)(1), 110 Stat. 2874, 2926–27 (1996).

10. We use the term "issue preclusion" rather than "collateral estoppel."

Under the FTCA, Littlejohn's negligence claim is evaluated using Nevada law. *See* 28 U.S.C. § 1346(b)(1); *FDIC v. Meyer*, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Nevada law requires plaintiffs to establish negligence by a preponderance of the evidence. *Perez v. Las Vegas Med. Ctr.*, 107 Nev. 1, 805 P.2d 589, 591 (Nev.1991) (stating the general Nevada rule). In contrast, the VA's disability system imposes a lower burden of proof on claimants, resolving reasonable doubts in the claimants favor where "there is an approximate balance of positive and negative evidence." 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. Such differences in the burden of proof also prevent issue preclusion. *Clark*, 966 F.2d at 1322.

We note that issue preclusion has been rejected consistently by those courts addressing the relation of prior VA disability determinations to FTCA claims. *See Sweet v. United States*, 687 F.2d 246, 248–49 (8th Cir.1982); *Faughnan v. Big Apple Car Serv.*, 828 F.Supp. 155, 164–65 (E.D.N.Y.1993). Although the rationales in these cases may differ, their uniform result is consistent with our analysis.[11] The district court's decision refusing to apply issue preclusion was correct.

## III

Littlejohn's arguments for claim and issue preclusion attempt to turn the non-adversarial procedures available under § 1151 into a sword for purposes of tort liability. This attempt fails. The liberal procedures controlling an evaluation of § 1151 claims were not established to give claimants an advantage in pursuit of FTCA liability through either claim or is-

sue preclusion. The district court's judgment is

AFFIRMED.

11. These cases were decided under an earlier version of § 1151, but they also were decided during a period in which the VA evaluated § 1151 benefit claims under a regulation par-

alleling the current version of the statute. *Compare* 38 C.F.R. § 3.358(c)(3) (1993), *with* 38 U.S.C. § 1151(a) (2000).