MEMORANDUM *
1. Plaintiffs’ claims against the Carmel Defendants are barred by the doctrine of collateral estoppel. The Bankruptcy Court’s November 23,1999 intended action order concluded that even if the Carmel Defendants did take advantage of inside information, their purchase of the bondholders’ claims did not injure Plaintiffs. Plaintiffs did not appeal the Bankruptcy Court’s order and the proposed distribution to the bondholders went. forward. Plaintiffs are barred from relitigating the *471 issue. Littlejohn v. United States, 321 F.3d 915, 923 (9th Cir.2003), cert. denied, — U.S. -, 124 S.Ct. 486, 157 L.Ed.2d 377 (2003) (holding that collateral estoppel bars relitigation of previously adjudicated matters).
2. Plaintiffs’ claims against the trustee are barred by the doctrine of res judicata. Plaintiffs discovered, at precisely the same time, that Carmel allegedly engaged in insider trading and that after an arguably lackluster investigation, the estate’s trustee was prepared to allow Carmel’s claims despite these allegations. Plaintiffs could have, but did not, address the trustee’s purported dereliction of duty when appearing before the Bankruptcy Court to object to the proposed distribution. Consequently, Plaintiffs are barred from doing so now. See Clark v. Bear Steams & Co., Inc., 966 F.2d 1318, 1320 (9th Cir.1992) (“Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action.”) (citation omitted) (emphasis added).
AFFIRMED.[1]

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. Because Plaintiffs’ claims are otherwise barred, we need not, and do not, decide whether counsel to the creditors’ committee owed a fiduciary duty to individual creditors, or whether the cloak of derived judicial immunity covers the trustee and/or counsel to the creditors' committee.