David ATHEARN; Chris Monagle; Chuck Gordon; Cheryle Gibb; Craig Olson; Tommy Penrose; Jim Isturis; Scott Minge; James Jenkins; Brian Dallas; Carl Marvin; Mila Saldivar; Joanne Robitaille, Plaintiffs—Appellants,

v.

ALASKA AIRLINES, INC., an Alaska Corporation doing business in the state of Washington; Jerald Kvasnikoff, and his marital community, Defendants—Appellees.

David Athearn; Hans Snyder, Plaintiffs—Appellants,

v.

Alaska Airlines, Inc., an Alaska Corporation doing business in the state of Washington; Jerald Kvasnikoff, and his marital community, Defendants—Appellees.

Nos. 03–35140, 03–35583.
D.C. No. CV–00–01508 RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2004.

Decided Dec. 1, 2004.

Mary Ruth Mann, Esq., Law Offices of Mary Ruth Mann and Associates, Seattle, WA, for Plaintiffs–Appellants.

Jillian Barron, Esq., Sebris Busto, P.S., Donald W. Heyrich, Esq., Perkins Coie LLP, Bellevue, WA, for Defendants–Appellees.

Before SCHROEDER, Chief Judge, TASHIMA, and BYBEE, Circuit Judges.

## MEMORANDUM *

Appellants, thirteen current and former employees of Alaska Airlines, Inc., brought suit against Alaska Airlines and their former manager, Jerald Kvasnikoff, alleging that they had been the victims of widespread discrimination at Alaska Airlines' station in Juneau, Alaska. In a series of fifteen separate summary judgment orders, the district court dismissed each of Appellants' claims. In addition, the district court sanctioned Appellants' counsel $39,638.69 for the unnecessary proceedings that resulted from her "unreasonable and vexatious" litigation tactics. Appellants appeal both the summary judgment orders and the award of sanctions. We affirm.

■ Appellants raise three challenges to the district court's summary judgment orders. First, Appellants challenge the district court's finding that their claims of discrimination based upon union affiliation were barred by *res judicata.* We review this claim *de novo. Littlejohn v. United States,* 321 F.3d 915, 919 (9th Cir.), *cert. denied,* 540 U.S. 985, 124 S.Ct. 486, 157 L.Ed.2d 377 (2003). *"Res judicata* is ap-plicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, (3) privity between the parties." *See Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137, 1143 n. 3 (9th Cir.2002) (citations omitted). Appellants' union had previously settled a lawsuit against Alaska Airlines over the conduct at issue in this case. The lawsuit was brought, in part, to vindicate the interests of the union's members. Moreover, the settlement agreement explicitly named, and was signed by, seven of the Appellants currently before the court. Under these circumstances, we agree with the district court that Appellants' claims of union-based discrimination are precluded by the final judgment in the union lawsuit.

■ Second, Appellants claim that the district court erred by concluding that the Railway Labor Act, 45 U.S.C. § 151 *et seq.,* precluded their claims of negligent and intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing. The district court was correct on both grounds. *See Saridakis v. United Airlines,* 166 F.3d 1272, 1278–79 & n. 8 (9th Cir.1999) (holding that RLA preempts claims of negligent and intentional infliction of emotional distress); *Espinal v. Northwest Airlines,* 90 F.3d 1452, 1458–59 (9th Cir.1996) (holding that RLA preempts claims of breach of the covenant of good faith and fair dealing).

■ Finally, Appellants claim that the district court erred by excluding the bulk of their evidence of discrimination. We review a district court's decision to exclude evidence from consideration in the summary judgment context for abuse of discretion. *Patelco Credit Union v. Sahni,* 262 F.3d 897, 912 (9th Cir.2001). In their

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

174

briefs opposing summary judgment, Appellants failed to provide specific citations to the record for the vast majority of their factual assertions. Even after a stern warning from the district judge, Appellants did not change their behavior. The district court did not abuse its discretion by refusing to consider Appellants' effectively unsupported factual claims. *See Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir.1996) (a court need not " 'scour the record in search of a genuine issue of riable fact' ") (quoting *Richards v. Combined Ins. Co.,* 55 F.3d 247, 251 (7th Cir. 1995)).

We also reject Appellants' challenge to the sanctions imposed by the district court. We review an award of sanctions under 28 U.S.C. § 1927 for an abuse of discretion. *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.),* 78 F.3d 431, 435 (9th Cir.1996). The record supports the district court's finding that Appellants' counsel knowingly pursued frivolous claims and engaged in obfuscatory litigation tactics. Moreover, the district court's manner of estimating the attorneys' fees attributable to the sanctionable conduct was conservative and well within the limits of its discretion.

For the foregoing reasons, the judgment of the district court is AFFIRMED.