Madeleine Carmel Wanslee, Gust Rosenfeld P.L.C., Phoenix, AZ, for Defendants–Appellees.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM**

Araya Wolde–Giorgis appeals pro se the district court's judgment affirming the bankruptcy court's order denying his action seeking a hardship discharge of his student loans under 11 U.S.C. § 523(a)(8). We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. We review de novo, *In re Saxman*, 325 F.3d 1168, 1172 (9th Cir.2003), and we affirm.

The bankruptcy court correctly determined that appellant is not entitled to discharge his student loans because he failed to establish all three prongs of the undue hardship test. *See In re Pena*, 155 F.3d 1108, 1110–11 (9th Cir.1998). Appellant failed to satisfy the second prong of the undue hardship test in that he submitted no evidence that his alleged health conditions preclude employment. *Cf. id.* at 1113–14 (second prong of hardship test established where debtor testified about a serious ongoing mental illness and her testimony was corroborated by a letter awarding disability benefits); *see In Re Ritchie*, 254 B.R. 913, 916 (Bankr.D.Idaho 2000).

Because appellant failed to satisfy the second prong, we need not consider whether he made a good faith effort to repay his

** This disposition is not appropriate for publication and may not be cited to or by the

loans. *See In re Rifino*, 245 F.3d 1083, 1089 n. 4 (9th Cir.2001).

**AFFIRMED.**

**Brett CAHILL; et al., Plaintiff—Appellant,**

v.

**U.S. DEPARTMENT OF LABOR, jointly & Severally; et al., Defendants—Appellees.**

No. 04–15726.

D.C. No. CV–03–00172–CKJ/GEE.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

Bret Cahill, Tucson, AZ, Pro se.

Richard E. Gordon, and Nathan D. Leonardo, Tucson, AZ, for Defendants—Appellees.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable

## MEMORANDUM**

Brett Cahill appeals pro se the district court's order dismissing his action alleging that the Department of Labor and Labor Secretary Elaine Chao violated his constitutional rights by preventing him from disseminating information through a federally-sponsored job placement service. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's decision regarding issue preclusion, *Littlejohn v. United States*, 321 F.3d 915, 919 (9th Cir.2003), and we affirm.

Cahill's current action is identical in all material aspects to the action he litigated in federal court in the middle district of Florida and the 11th Circuit Court of Appeals in 1993. Because it was previously ruled that Cahill lacked standing to bring suit against defendants in this matter, Cahill is precluded from relitigating this same issue against the same parties here. *See id.* at 923 (collateral estoppel prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding). Thus, the district court properly dismissed Cahill's action. *See Town of North Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993).

Cahill's remaining contentions lack merit.

**AFFIRMED.**

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.