**Jeffrey D. CHURCH, Plaintiff—Appellant,**

v.

**Ondra BERRY; Richard Donnelly; Jerry Hoover; Charles McNeely; City of Reno, Defendants—Appellees.**

No. 05–17121.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2008.

Filed April 25, 2008.

Terri Keyser–Cooper, Esq., Law Office of Terry Keyser–Cooper, Reno, NV, for Plaintiff–Appellant.

Donald L. Christensen, Esq., Reno, NV, for Defendants–Appellees.

Before: TROTT and THOMAS, Circuit Judges, and HOGAN *, District Judge.

MEMORANDUM **

Plaintiff–Appellant Jeffrey Church brought suit against the City of Reno, Charles McNeely, Jerry Hoover, Ondra Berry, and Ronald Donnelly for breach of contract, breach of the covenant of good faith and fair dealing, violations of Nevada law, bad faith discharge, emotional distress, and First Amendment retaliation. The district court granted summary judgment in favor of each Defendant on all

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

claims. Church appeals the district court's order only as to the First Amendment retaliation claim. The parties are familiar with the facts, thus we proceed to the law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a grant of summary judgment. *Moreau v. Air France,* 356 F.3d 942, 945 (9th Cir.2004). "Our review is governed by the same standard used by the district court under Federal Rule of Civil Procedure 56(c)." *Pool v. VanRheen,* 297 F.3d 899, 905 (9th Cir.2002).

To succeed on his First Amendment retaliation claim under § 1983, Church "must show (1) that he ... engaged in protected speech; (2) that [his] employer took adverse employment action; and (3) that his ... speech was a substantial or motivating factor for the adverse employment action." *Coszalter v. City of Salem,* 320 F.3d 968, 973 (9th Cir.2003) (internal quotation marks omitted).

We agree with the district court that Church carried his burden as to elements one and two. However, we agree also with the district court that Church did not carry his burden as to element three—he did not provide a nexus between the protected speech and any adverse employment action.

**AFFIRMED.**