**Michael DORAN; et al., Plaintiffs—Appellants,**

**and**

**Reel Big Fish Maui, Inc., a Hawaii corporation, Plaintiff,**

**v.**

**Don AUS; et al., Defendants—Appellees,**

**Al Tenny, Defendant—Appellee,**

**Management Consultants of Hawaii, a Hawaii corporation; et al., Defendants—Appellees,**

**and**

**Mike Kelly, Major, Defendant,**

**William J. Henderson, Defendant.**

**No. 03–15105.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Jan. 6, 2009.

**50**

Linda L. Mallette, Esquire, Mallette & Libonati, San Mateo, CA, for Plaintiffs–Appellants.

Lissa H. Andrews, Esquire, Rush Moore LLP, John H. Price, Esquire, Keith K. Hiraoka, Norman K. Odani, Esquire, Roeca, Louie & Hiraoka, Honolulu, HI, for Defendants–Appellees.

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

MEMORANDUM [*]

Michael Doran, Dana Doran, and Reel Big Fish (collectively "the Dorans") appeal the district court's grant of summary judgment in their action against the Kaanapali Hillside Homeowner's Association, members of its board of directors, its property manager, and the law firm representing the Association (collectively "KHHA"). We have jurisdiction pursuant to 28 U.S.C. § 1291.

[*] This disposition is not appropriate for publication and is not precedent except as provided

Prior to the hearing, the Dorans requested this court to take judicial notice of materials from the state court proceedings and KHHA moved to strike this request and the opening brief. Under Federal Rule of Evidence 201, we grant the Dorans' request for judicial notice and deny KHHA's motion to strike the Dorans' opening brief. Materials from a proceeding in another tribunal are appropriate for judicial notice. *See Papai v. Harbor Tug & Barge Co.,* 67 F.3d 203, 207 n. 5 (9th Cir.1995), *rev'd on other grounds,* 520 U.S. 548, 117 S.Ct. 1535, 137 L.Ed.2d 800 (1997).

We review de novo a grant of summary judgment regarding (1) collateral estoppel, (2) res judicata, and (3) the Fair Debt Collection Practices Act ("FDCPA"). *Littlejohn v. United States,* 321 F.3d 915, 919 (9th Cir.2003); *Slenk v. Transworld Sys., Inc.,* 236 F.3d 1072, 1074 (9th Cir.2001). We affirm.

We affirm the district court's ruling that the Dorans were collaterally estopped from proceeding on their claims for fraud and misrepresentation. Under Hawaii law, an appellate court does not err when it grants summary judgment on issues and facts that were previously determined in a prior suit. *See Kahoʻohanohano v. Dep't of Human Servs.,* 117 Hawaiʻi 262, 178 P.3d 538, 578 (2008). The state trial court previously determined that KHHA was entitled to assessments. Therefore, the Dorans' allegations of fraud and misrepresentation for asserting that KHHA was entitled to assessments are foreclosed. While the district court erred in granting summary judgment, by adopting the state circuit court decision prior to the Hawaii appellate courts' affirming of the judgment, the error was harmless.

by 9th Cir. R. 36–3.

The Dorans claim that the district court's grant of summary judgment denied them the opportunity to discover facts necessary to preclude summary judgment. However, this argument was never raised in the district court and the Dorans failed to file the appropriate Federal Rule of Civil Procedure 56(f) affidavit.

A court may deny leave to amend after considering factors such as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). Futility alone can justify a court's refusal to grant leave to amend. *See id.* We find that any amendment of the Dorans' third amended complaint would be futile. The Dorans also failed to specify what allegations they would add or revise if allowed to do so. Therefore, we deny the Dorans' request for leave to amend their complaint for a fourth time.

■ Finally, the district court did not err in granting the motion for summary judgment as to the Dorans' FDCPA claims. KHHA was not a debt collector under the FDCPA, because it was collecting its own debt. *See* 15 U.S.C. § 1692a(6). There is no evidence in the record to substantiate the Dorans' claims that KHHA's attorneys were debt collectors within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6).

**AFFIRMED.**

---

\* The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.