Lloyd SHAW, Plaintiff–Appellant,

v.

State of NEVADA; Scott Kennedy, Defendants–Appellees.

No. 08–15119.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2009.*

Filed June 5, 2009.

Jeffrey A. Dickerson, Law Office of Jeffrey A. Dickerson, Reno, NV, for Plaintiff–Appellant.

Douglas Walther, Chief Deputy Attorney General, AGNV—Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: RAWLINSON and BYBEE, Circuit Judges, and BURNS **, District Judge.

MEMORANDUM ***

Appellant Lloyd Shaw (Shaw) was terminated from employment with the State of Nevada. A Nevada Personnel Commission hearing officer upheld his termination, but Shaw did not appeal this ruling. He then filed a federal action alleging that he was terminated in retaliation for his speech and because of his disability. The district court denied Shaw's motion for partial summary judgment, concluding that his claim was precluded.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry Burns, U.S. District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Here, as in *Dias v. Elique,* 436 F.3d 1125, 1127–28 (9th Cir.2006), the hearing officer found that substantial evidence supported the State's decision to terminate Shaw. The district court correctly determined that issue preclusion does not bar Shaw's 42 U.S.C. § 1983 action because the hearing officer based his decision on a finding of substantial evidence, and § 1983 claims require a different standard of proof—preponderance of the evidence. *See Littlejohn v. United States,* 321 F.3d 915, 924 (9th Cir.2003) (explaining that differences in the burden of proof prevent application of issue preclusion).

2. Shaw's § 1983 claim is barred by claim preclusion because it raised the same issue as his termination appeal, and the termination appeal was a final judgment on the merits to which he was a party. *See Holcombe v. Hosmer,* 477 F.3d 1094, 1099 (9th Cir.2007). Shaw could have raised his First Amendment rights before the hearing officer or in state court. *See id.; see also* Nev.Rev.Stat. § 233B.135(3)(a). Claim preclusion bars litigation of those claims in a different forum. *See Olson v. Morris,* 188 F.3d 1083, 1086–87 (9th Cir.1999), *as amended* (concluding that appellant was precluded from relitigating his constitutional defenses in a federal action challenging a state administrative determination).

**AFFIRMED.**