**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFFREY D. CHURCH,

              Plaintiff - Appellant,

v.

CITY OF RENO; et al.,

              Defendants - Appellees.

No. 13-16062

D.C. No. 3:12-cv-00601-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted July 8, 2015
San Francisco, California

Before: GRABER and WATFORD, Circuit Judges, and FRIEDMAN,[**] District
Judge.

      The district court correctly dismissed Jeffrey Church's First Amended

Complaint, which alleged a hostile work environment claim under the Uniformed

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Paul L. Friedman, District Judge for the U.S. District
Court for the District of Columbia, sitting by designation.

Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. § 4311(a). Church's action is barred by the doctrine of claim preclusion.

In 2003, Church filed suit against the City of Reno, alleging that the City tolerated a hostile work environment that resulted in Church's constructive discharge under Nevada law. The district court granted summary judgment in favor of the City, and we affirmed. *Church v. Berry*, 275 F. App'x 678 (9th Cir. 2008) (unpublished). At the time, no precedent precluded Church from asserting a hostile work environment claim under USERRA. In fact, in an earlier appeal involving Church, we expressly declined to resolve whether such a claim could be asserted under USERRA. *Church v. City of Reno*, 168 F.3d 498, 1999 WL 65205, at *1 (9th Cir. 1999) (unpublished). And other circuits had recognized the possibility that hostile work environment claims could be brought under USERRA. *See Miller v. City of Indianapolis*, 281 F.3d 648, 652-53 (7th Cir. 2002); *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1484 (Fed. Cir. 1998).

Church's USERRA claim in this action is barred by the doctrine of claim preclusion because: (1) it arises out of the "same transactional nucleus of facts" as his 2003 action; (2) it concerns the infringement of the same right asserted in his 2003 action; (3) it relies upon the same evidence presented in his 2003 action; and (4) the City's rights established in the 2003 action would be "destroyed or impaired

by the prosecution of [this action]." *Littlejohn v. United States*, 321 F.3d 915, 920 (9th Cir. 2003) (internal quotation marks omitted). Claim preclusion forecloses a plaintiff from pursuing grounds for recovery that "could have been asserted in a previous action between the same parties on the same cause of action, even if such contentions were not raised." *Id.* Because Church failed to allege a hostile work environment claim under USERRA in his 2003 action, he is precluded from asserting the claim now.

**AFFIRMED.**