**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL CARMINE MICOLO, | No.    18-16227 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01439-DJH |
| v. | |
| COUNTY OF PINAL; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted January 8, 2020[**]

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Michael Carmine Micolo appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of res judicata. *Maldonado v. Harris*, 370 F.3d 945, 949 (9th Cir. 2004). We

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm in part, vacate in part, and remand.

Dismissal on the basis of res judicata (claim preclusion) was improper as to defendant Reyes because Reyes was not a party or in privity with any party in the prior action. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (setting forth requirements for res judicata); *see also Taylor v. Sturgell*, 553 U.S. 880, 894-95 (2008) (discussing requirements for non-party preclusion). To the extent that the district court's dismissal was based on collateral estoppel (issue preclusion), dismissal was improper as to Reyes because the complaint alleges a separate instance of post-arrest excessive force that was not actually litigated in the prior action. *See Littlejohn v. United States*, 321 F.3d 915, 919, 923 (9th Cir. 2003) (setting forth standard of review and requirements for collateral estoppel). We vacate the judgment as to Micolo's claims against defendant Reyes and remand for further proceedings.

In his opening brief, Micolo does not challenge the district court's dismissal of his remaining claims and has therefore waived any challenge to the district court's dismissal of those claims. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

18-16227