**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENO FUENTES RIOS, | No. 18-16647 |
| Plaintiff-Appellant, | D.C. No. 1:11-cv-00667-LJO-EPG |
| v. | |
| WARDEN, CSP-Corcoran, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

The abeyance order previously issued in this case (Docket Entry No. 11) is

vacated.

California state prisoner Reno Fuentes Rios appeals pro se from the district

court's judgment dismissing his action alleging constitutional claims arising out of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

parole hearings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Rios's claim alleging that Marsy's Law violates the Ex Post Facto Clause because this claim is foreclosed by this court's decision in *Gilman v. Brown*, 814 F.3d 1007 (9th Cir. 2016).  *See Littlejohn v. United States*, 321 F.3d 915, 920-23 (9th Cir. 2003) (setting forth standard of review and requirements for claim preclusion and issue preclusion).

The district court properly dismissed Rios's due process and retaliation claims because Rios failed to allege facts sufficient to state a plausible claim for relief.  *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (in parole context, due process requires only that a prisoner be provided with an opportunity to be heard and a statement of the reasons why parole was denied); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).

We reject as meritless Rios's contentions regarding the magistrate judge's jurisdiction and that the district court did not construe his pro se pleadings liberally.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**