**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| BERT THOMPSON, an individual, | No. 19-56460 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 5:18-cv-01509-JAK-SP |
| BARRETT DAFFIN FRAPPIER TREDER & WEISS et al., | MEMORANDUM[*] |
| Defendant-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted October 20, 2021[**]
San Francisco, California

Before: WALLACE and GOULD, Circuit Judges, and VITALIANO,[***] District
Judge.

Appellant Bert Thompson, facing default on a home mortgage and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

1

threatened foreclose, ignited a firestorm of litigation in state and federal court that eventually led to this appeal. In 2009 and again in 2010, he sought state-court injunctive relief against appellees, all loan servicing companies, foreclosure trustees, or other businesses engaged in the transfer of rights to the mortgaged property. All claims relevant on this appeal were dismissed with prejudice.

Thompson's house was eventually sold at a nonjudicial foreclosure sale in 2017. A year later, he sued again in state court, seeking to "reverse the foreclosure." The action was removed to the United States District Court for the Central District of California. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court dismissed it on the ground, among others equally fatal, that Thompson's causes of action had already been the subject of final judgment in state-court lawsuits against the same defendants, and that *res judicata* thus precluded him from raising them again. On Thompson's appeal, we review that order of dismissal *de novo*, and we affirm.

The doctrine of *res judicata* focuses the inquiry on whether the same claims raised in the subsequent lawsuit were raised or could have been raised against the

same parties in the previous lawsuit, and whether the causes of action in the previous suit were adjudicated to final judgment on the merits. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051–52 (9th Cir. 2005).

In the new case, Thompson alleged twelve causes of action, ranging from violations of the California Homeowner Bill of Rights to violations of the Racketeer Influenced and Corrupt Organizations Act. But, while the labels and form of these claims vary at times from those raised in his earlier actions, the injury Thompson seeks to redress remains the same, as does the nucleus of facts essential to each claim presented on this appeal.

For example, just as he did in the earlier actions, Thompson argues in this action that an assignment from a "defunct company" and various drafting defects in notices prerequisite to foreclosure had voided the notices and the foreclosure itself. Though Thompson's briefing directs attention to the form of his "new" claims, it does so precisely to deflect attention from their substance. Thompson seeks refuge in the fact that his latest lawsuit alleges defects in the 2016 notice of default that preceded the foreclosure sale, not in the notices that he had previously

3

challenged in his 2009 and 2010 state court actions. But the same alleged defects were litigated to final judgment in those actions.

Dispositive here is California's "primary rights" approach to claim preclusion, which clearly recognizes the preclusive effect of the first two actions on the third, since all of the actions contemplate the same primary right: ownership of the mortgaged property. *See Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010). Because the notices of default and trustee sale concern the same property and the same unpaid loan, Thompson's injuries from wrongful foreclosure are identical, and he may not seek relief through a multiplicity of claims if the issue of wrongful foreclosure has been reduced to final judgment.

Plainly, Thompson's claims were in no way resurrected by the arrival of a postjudgment notice. Considering the three actions as a whole, the transactional nuclei of facts, the relevant evidence, the acts of alleged infringement, and the property rights in dispute are all identical. *See Littlejohn v. United States*, 321 F.3d 915, 920 (9th Cir. 2003). Given the adverse judgments suffered in the prior actions, the doctrine of *res judicata* precludes relief on any claim that Thompson

brought or could have brought in the earlier actions for the same injury, against the same parties and others in privity with them.

For these reasons, every claim before us on this appeal falls victim to *res judicata*'s bar, and we need not reach the substance of Thompson's other claims. Reviewed *de novo*, the district court's dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) was well-supported – and, in fact, correctly applied.

AFFIRMED.