NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL J. GADDY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> C. PFEIFFER; S. SWAIN; V. SANTOS, <br><br> Defendants - Appellees. | No. 23-1434 <br><br> D.C. No. 1:22-cv-00412-JLT-EPG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted December 17, 2024[**]

Before: WALLACE, GRABER, and BUMATAY, Circuit Judges.

California state prisoner Michael J. Gaddy appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action challenging the calculation of his parole eligibility date. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2012) (dismissal under 28 U.S.C. § 1915A); *Littlejohn v. United States*, 321 F.3d 915, 919 (9th Cir. 2003) (application of the doctrines of claim and issue preclusion).  We affirm.

The district court properly dismissed Gaddy's action on the basis of claim and issue preclusion because Gaddy raised or could have raised his claims in his prior federal action involving the same parties or their privies and resulting in a final judgment on the merits, and because the issue of whether prison officials improperly extended Gaddy's parole eligibility date beyond 2016 in light of his 2007 conviction was actually litigated and decided in Gaddy's prior action.  *See Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (setting forth the elements of issue preclusion and explaining that "an issue is actually litigated when an issue is raised, contested, and submitted for determination"); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (setting forth elements of claim preclusion under federal law).

Gaddy's request for a ruling (Docket Entry No. 13) is denied as unnecessary.

**AFFIRMED.**