PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KAY F. BUTLER, Individually and
as Executor of the Estate of
Truman DeWayne Butler,
              *Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,
              *Defendant-Appellee.*

No. 11-2408

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Thomas D. Schroeder, District Judge.
(1:10-cv-00427-TDS-PTS)

Argued: October 24, 2012

Decided: December 19, 2012

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by published opinion. Judge Agee wrote the opinion, in which Judge Niemeyer and Judge Shedd concurred.

## COUNSEL

**ARGUED:** Lewis M. Everett, EVERETT & EVERETT, Durham, North Carolina, for Appellant. Jason R. Cheek, UNITED STATES DEPARTMENT OF JUSTICE, Washing-

ton, D.C., for Appellee. **ON BRIEF:** Jon P. McClanahan, UNC SCHOOL OF LAW, Chapel Hill, North Carolina, for Appellant. Stuart F. Delery, Acting Assistant Attorney General, Phyllis J. Pyles, Director, Torts Branch, Bridget Bailey Lipscomb, Senior Trial Counsel, Torts Branch, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Ripley Eagles Rand, United States Attorney, Greensboro, North Carolina, for Appellee.

---

## OPINION

AGEE, Circuit Judge:

Kay F. Butler ("Mrs. Butler"), individually and as executor of the estate of her husband, Truman D. Butler ("Mr. Butler"), appeals the district court's dismissal of her action for wrongful death and loss of consortium under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. For the reasons set forth below, we affirm the judgment of the district court.

I.

On January 29, 2004, Mr. Butler, a veteran of the armed forces, was examined at the Veterans Administration Medical Center in Durham, North Carolina ("Durham VA") for evaluation of a thoracic aortic aneurysm. Dr. Jonathan Gray ("Dr. Gray"), who was employed as a vascular surgeon at the Durham VA, determined that surgery was required. The surgery was performed at Duke University hospital by Dr. Gray and Dr. Robert Messier.

In the immediate post-operative period, Mr. Butler was discovered to be paralyzed from the chest down. He began to experience acute renal failure, pulmonary edema, and congestive heart failure. His left leg later had to be amputated and he was eventually transferred to the Veterans Administration

Medical Center in Richmond, Virginia ("Richmond VA"). Mr. Butler later developed sepsis and died on March 15, 2005.

In April 2005, Mrs. Butler filed a claim for dependency and indemnity compensation benefits with the Department of Veterans Affairs ("VA"), pursuant to 38 U.S.C. § 1151 ("§ 1151"). This statute provides for disability payments from the VA if claimants can show that disability or death was

> caused by hospital care, medical or surgical treatment, or examination furnished the veteran . . . in a [VA] facility . . . and the proximate cause of the disability or death was . . . carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the [VA] in furnishing the hospital care, medical or surgical treatment, or examination; or . . . an event not reasonably foreseeable.

38 U.S.C. § 1151(a)(1).

The VA issued a Rating Decision on April 9, 2008 ("Rating Decision"). The Rating Decision reviewed the claim submitted by Mrs. Butler and noted that the responses from the Durham VA and the Richmond VA gave "very little detail" and did not address any of the "specific points of contention." (J.A. 31.) The Rating Decision also referred to three expert reports which "pointed out in detail how the standards of care were not followed and why the way the surgery was performed was questionable." (J.A. 31.) Based on the evidence presented, the VA resolved all reasonable doubts in Mrs. Butler's favor and concluded that she was entitled to an award of benefits under § 1151. *See* 38 U.S.C. § 5107(b) ("When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant."); 38 C.F.R. § 3.102 ("When, after careful consideration

of all procurable and assembled data, a reasonable doubt arises . . . such doubt will be resolved in favor of the claimant.").

Mrs. Butler then filed a complaint under the FTCA on June 2, 2010, in the Middle District of North Carolina alleging claims for wrongful death and loss of consortium against the United States ("the Government"). She alleged, *inter alia*, that the pre-surgical, surgical, and post-surgical medical care that Mr. Butler received was "not in accordance with the standards of practice among members of the health care profession with similar training and experience." (J.A. 10.)

Mrs. Butler moved for judgment on the pleadings, arguing that under 38 U.S.C. § 511 ("§ 511") the district court was bound by decisions of law and fact made by the VA during the benefits claim adjudication and consequently the "Court does not have the authority or jurisdiction to review or overrule those decisions." (J.A. 28.)[1] Contending that the findings in the Rating Decision were binding on the district court, Mrs. Butler averred those findings conclusively established liability for negligence on behalf of the Government for FTCA purposes. She represented to the district court that she would therefore not present any expert witness testimony at a trial on the merits. In Mrs. Butler's view, expert testimony was unnecessary in order to prove negligence or causation because the binding effect of the Rating Decision under § 511 established those essential elements of her causes of action.

In response, the Government moved for summary judgment "because no genuine issue of material fact exists since Plaintiff has admitted . . . she will not call any expert witnesses to prove her medical malpractice case." (J.A. 34.) The Government cited, in support, the requirement under North Carolina

---

[1]Section 511 provides in pertinent part that "the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court." 38 U.S.C. § 511(a).

law in a medical malpractice action "to present expert testimony to establish the standard of care and causation." (J.A. 34.) Further, the Government demurred to Mrs. Butler's contention that a Rating Decision under § 1151 had preclusive effect in a separate FTCA action by virtue of § 511 because "federal district courts have exclusive jurisdiction over FTCA claims and . . . no other entity may make binding determinations necessary to the liability of the government in a FTCA action." (J.A. 46.)

The magistrate judge issued a Recommendation to deny Mrs. Butler's motion for judgment on the pleadings and to grant the Government's motion for summary judgment.[2] In the Recommendation, the magistrate judge reasoned that because the claims asserted by Mrs. Butler in her FTCA suit were unrelated to the previous award of VA benefits, § 511 was inapplicable and did not deprive the district court of jurisdiction or preclude the court from making its own findings of fact and conclusions of law. The magistrate judge further recommended that summary judgment be granted to the Government because the medical injury in question was outside of the knowledge and experience of a layperson, and expert testimony was required to prove the standard of care and causation under North Carolina law, the applicable law for FTCA purposes.

Mrs. Butler filed objections to the magistrate judge's Recommendation and the Government filed a response. On October 31, 2011, the district court entered an order adopting the magistrate judge's Recommendation, granting the Government's motion for summary judgment, and dismissing the case.

Mrs. Butler noted a timely appeal, and we have jurisdiction under 28 U.S.C. § 1291.

---

[2]The motions were referred to the magistrate judge for a recommendation for disposition pursuant to 28 U.S.C. § 636(b).

## II.

We review *de novo* the district court's ruling on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and in doing so, apply the standard for a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; 'importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (alteration in original)).

We review the district court's grant of summary judgment *de novo*, applying the same standard as the district court. *See Nat'l City Bank of Ind. v. Turnbaugh*, 463 F.3d 325, 329 (4th Cir. 2006). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

The central issue Mrs. Butler raises on appeal is whether the district court erred in denying her motion for judgment on the pleadings. She contends 38 U.S.C. § 511 precluded the district court from making independent findings of fact or law as to her FTCA claims because the statute makes the conclusions of the Rating Decision binding in any other proceeding. As a consequence, Mrs. Butler argues that the VA's findings in the Rating Decision establish all that is necessary for her to prove the Government's liability for negligence and causation in her FTCA action. We disagree.

Section 511 provides in pertinent part:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by

the Secretary *under a law that affects the provision of benefits* by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to *any such question* shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis added).[3] Mrs. Butler contends that this statutory language should be construed as a bar to any court which might consider the same facts in any proceeding from reaching a conclusion contrary to the Rating Decision. Although § 511 provides that the decision of the VA as to "any such question" is final and conclusive, the "question" referred to is limited only to those "necessary to a decision by the Secretary under a law that *affects the provision of benefits by the Secretary* to veterans or the dependents or survivors of veterans." *Id.* (emphasis added). Mrs. Butler's reading ignores the plain language of the statute and the clear weight of judicial precedent.

In a case with a virtually identical fact pattern to that of the case at bar, the Ninth Circuit rejected the view Mrs. Butler posits. In *Littlejohn v. United States*, 321 F.3d 915, 919–24 (9th Cir.), *cert. denied*, 540 U.S. 985 (2003), the Ninth Circuit held that a prior award of disability benefits by the VA did not bar litigation of liability issues in a subsequent FTCA negligence action.

The *Littlejohn* plaintiff contended that FTCA liability was established by the VA's Rating Decisions under traditional claim preclusion principles.[4] *Id.* at 919. The Ninth Circuit dis-

---

[3]Subsection (b) lists four exceptions to this provision; however, the parties agree none of the exceptions apply in this case.

[4]Although Mrs. Butler conceded in the district court that neither claim preclusion nor issue preclusion applies in this case, that is, in effect, precisely what she seeks to accomplish here.

agreed, holding that the plaintiff's claim preclusion argument failed for two reasons: (1) the VA could not assert its FTCA causation defense in the agency disability benefit proceedings; and (2) "claim preclusion is incompatible with the statutory purposes underlying the veterans' disability and FTCA statutory schemes." *Id.* "Without any diminution of his entitlement to disability benefits," the Ninth Circuit saw "no way in which a decision on the merits of [the plaintiff's] FTCA claim [amounted] to judicial review of the § 1151 proceedings." *Id.* at 921.

We agree with the Ninth Circuit's reasoning in *Littlejohn*: the "questions" of law and fact to be given conclusive effect under § 511(a), and to be subject to no further review by a court, are only those which would affect the provision of the benefits awarded by the VA. *See Littlejohn*, 321 F.3d at 921. Although § 511(a) provides that the decision of the VA as to "any such question" is final and conclusive, the "question" referred to is limited only to those "necessary to a decision by the Secretary under a law that *affects the provision of benefits by the Secretary* to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a) (emphasis added). Mrs. Butler concedes that an adverse decision in her FTCA action will have no impact on the validity of the benefits she received in the award from the VA. This concession correctly recognizes the terms of § 511 do not provide the preclusive effect that she argues.

Additionally, the cases upon which she relies lend no support for her position, but deal only with reviews of the validity of the VA's decision to award benefits under § 1151 and not a separate claim for other damages in an action at law. The FTCA proceeding is not a benefits determination or review of the existing VA award. Nothing in the FTCA action will disturb the finality of the VA award to her. *See, e.g.*, *Thomas v. Principi*, 394 F.3d 970, 971, 974–75 (D.C. Cir. 2005) (holding that plaintiff was barred from using FTCA to challenge claims based on an underlying denial of benefits but that the

district court did not lack jurisdiction to review claims unrelated to provision of benefits); *Cole v. United States*, 861 F.2d 1261, 1265 (11th Cir. 1988) (per curiam) (listing cases in which courts have refused to engage in review of administration of benefits decisions); *Wickline v. Brooks*, 446 F.2d 1391, 1391 (4th Cir. 1971) (per curiam) (summarily affirming dismissal of veteran's complaint which sought review of VA's denial of veteran's claim for disability compensation).

We also note that the case upon which Mrs. Butler relies in making her supplemental argument pursuant to Federal Rule of Appellate Procedure 28(j), *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023–26 (9th Cir. 2012) (en banc), does not provide the authority for her position that she suggests. Instead, that decision confirms the validity of the *Littlejohn* analysis.

In *Shinseki*, the court sought to articulate a clear standard for evaluating jurisdiction when a party raises claims regarding VA benefits. 678 F.3d at 1023–26, 1025 (holding that § 511 precludes jurisdiction over "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and "also to those decisions that may affect such cases."). In addition to citing *Littlejohn* throughout, the *Shinseki* court specifically differentiated the distinctions between § 511 benefits claims and FTCA claims. *Id.* at 1023 n.13 ("The FTCA specifically confers jurisdiction on federal district courts to hear such claims. . . . We also noted [in *Littlejohn*] that the VA had separate procedures for dealing with FTCA claims." (internal citations omitted)).

Mrs. Butler's position is further refuted by the statutory purposes embodied in § 1151 and the FTCA, which are incompatible with giving preclusive effect for FTCA purposes to decisions granting benefits under § 1151. Congress has established a dual system which handles veterans' benefits and tort claims in distinct and separate manners. *See Mans-*

*field v. Peake*, 525 F.3d 1312, 1317 (Fed. Cir. 2008) ("The FTCA and the veterans' benefits system provide two distinct remedies."). The dual system clearly provides that administrative agency benefits determinations by the VA and tort claims will take place in separate judicial forums. *See* 38 U.S.C. §§ 511, 7292 (providing for exclusive jurisdiction in the Federal Circuit for limited review of VA disability determinations); 28 U.S.C. § 1346(b)(1) (providing for district court jurisdiction over FTCA claims). The FTCA allows claimants to pursue adversarial tort claims against the government, which are decided by federal district courts applying state law. In contrast, § 1151 claims are governed by the non-adversarial procedures within an administrative agency that apply to claims for veterans' benefits. The Ninth Circuit has appropriately explained:

> This separation reflects the underlying purpose of § 1151 and the entire veterans' benefit program, namely ensuring that veterans, who have put their lives at risk in defending our nation and its liberties, are treated fairly by the same government that has asked so much from them. At the same time, § 1151 does not purport to make veterans whole, representing a tension between equitable concerns and fiscal limitations.

> These underlying purposes explain the informal nature of § 1151 proceedings, along with the proceedings' low standard of proof and other claimant-friendly procedures. These purposes are also reflected in the limited benefits available to beneficiaries. Section 1151 provides a baseline of support for veterans, in contrast to the FTCA, which potentially allows veterans to be made whole when the government is at fault for their disabilities stemming from VA medical treatment.

*Littlejohn*, 321 F.3d at 922 (internal citations omitted). These separate statutory schemes affirm the distinction between the remedies, while managing the potential for a double recovery through an offset.[5] 38 U.S.C. § 1151(b); *see also United States v. Brown*, 348 U.S. 110, 113 (1954) (FTCA and disability benefits are both available for veterans injured by VA hospital treatment).

The differences in the procedures established for § 1151 claims and FTCA claims offer another reason which requires the rejection of Mrs. Butler's argument. *Compare* 38 C.F.R. §§ 14.600–.605 (FTCA procedures), *with* 38 C.F.R. §§ 3.100–.115 (procedures for disability benefits claims). Section 1151 benefits claims hearings are *ex parte*:

> Evidence presented in a § 1151 benefits hearing is limited to information presented by the claimant and certain types of information discovered by the VA. *See* 38 C.F.R. §§ 3.103, 3.159, 3.328. The VA is not authorized to develop evidence for the purpose of challenging the claimant, but rather is required to "assist a claimant in developing the facts pertinent to [his or her] claim." 38 C.F.R. § 3.103.

*Littlejohn*, 321 F.3d at 920. This claimant-friendly system does not provide the VA with any opportunity to raise a defense as it would to a personal injury tort claim under the FTCA. *See id.* at 921 n.5 ("This conclusion is reinforced by the separate administrative procedures set up by the VA to deal with FTCA claims.").

The burdens of proof in the two proceedings are also differ-

---

[5]If Mrs. Butler had prevailed in her FTCA action, the § 1151 benefits she currently receives would have been temporarily suspended "until the aggregate amount of benefits which would be paid . . . equals the total amount included in such judgment, settlement, or compromise." 38 U.S.C. § 1151(b).

ent. Under the FTCA, Mrs. Butler's negligence claim is determined under North Carolina law. *See* 28 U.S.C. § 1346(b)(1); *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). To establish negligence in a North Carolina malpractice action, a plaintiff must prove her case by a preponderance of the evidence. N.C. Gen. Stat. § 90-21.12; *Page v. Camp Mfg. Co.*, 104 S.E. 667, 668 (N.C. 1920). In contrast, the VA's disability benefits system imposes a lower, almost *de minimis* burden of proof on claimants, resolving reasonable doubts in the claimants' favor where "there is an approximate balance of positive and negative evidence." 38 U.S.C. § 5107(b); *see also* 38 C.F.R. § 3.102.

In sum, because adjudication of Mrs. Butler's FTCA claim would not affect the validity of her VA benefits award, we conclude that the district court did not err in holding that § 511 did not preclude the court from making independent findings of fact and conclusions of law in Mrs. Butler's FTCA proceeding. Nor did the district court err in holding that there were no genuine issues of material fact since Mrs. Butler conceded that she would not call any expert witnesses to prove her medical malpractice case, as required under North Carolina law. As Mrs. Butler's statutory claim under § 511 fails and there is no claim as to material issues of disputed fact, the district court did not err in granting summary judgment to the Government.

## IV.

For the reasons set forth above, we find no error in the district court's decision to deny Mrs. Butler's motion for judgment on the pleadings, grant the Government's motion for summary judgment, and dismiss this case. Accordingly, that judgment is

*AFFIRMED*.