**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-6568**

———————

LEWIS DUCKETT,

        Plaintiff - Appellant,

        v.

MARCIA FULLER, SCDC Dietician in their individual or personal
capacities; MRS. BALL, First Name Unknown Kershaw Cafeteria
Supervisor in their individual or personal capacities;
MICHAEL L. FAIR, Legislative Audit Counsel in their
individual or personal capacities; SC DISTRICT 6, Greenville
County State Senate in their individual or personal
capacities; BOYD H. PARR, Director of Poultry Products and
Inspection in their individual or personal capacities,

        Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  J. Michelle Childs, District
Judge.  (6:13-cv-03205-JMC)

———————

Argued:  March 22, 2016                    Decided:  April 25, 2016

———————

Before NIEMEYER and MOTZ, Circuit Judges, and Max O. COGBURN,
Jr., United States District Judge for the District of North
Carolina, sitting by designation.

———————

Reversed and remanded by published opinion.  Judge Niemeyer
wrote the opinion in which Judge Motz and Judge Cogburn joined.

———————

**ARGUED**: Ricardo Camposanto, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant. Sheila M. Bias, RICHARDSON PLOWDEN & ROBINSON, P.A., Columbia, South Carolina, for Appellees. **ON BRIEF**: Stephen L. Braga, Counsel of Record, Kaitlyn Tongalson, Third Year Law Student, Appellate Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant. Caleb M. Riser, RICHARDSON PLOWDEN & ROBINSON, P.A., Columbia, South Carolina, for Appellees.

---

NIEMEYER, Circuit Judge:

Lewis Duckett commenced this action against employees of the South Carolina Department of Corrections ("SCDC") and others, alleging that the food served to him at the Kershaw Correctional Institution, a prison managed by the SCDC, was so deficient as to violate his Eighth Amendment rights. The form of Duckett's complaint and the claims made are virtually the same as a complaint filed against SCDC employees by a fellow inmate in 2010, which the district court dismissed on the merits.

On the state defendants' motion in this case, the district court dismissed Duckett's complaint under Federal Rule of Civil Procedure 12(b)(6), concluding that, because Duckett would have benefited if his fellow inmate's 2010 suit had been successful, he is barred by the doctrine of res judicata from pursuing the present action. As the court explained:

> The claims are at their core identical, and thus qualify as the same cause of action. To allow this claim to go forward would mean relitigating the same issues this court litigated in [the earlier suit]. This goes against the principles behind res judicata.

We reverse. As a nonparty to the earlier suit, Duckett is not precluded from pursuing the same claims on his own behalf in the instant action unless the state defendants are able to demonstrate that at least one of the six exceptions to the general rule against nonparty preclusion applies. See Taylor v.

3

Sturgell, 553 U.S. 880, 892-95 (2008). We conclude that the state defendants have not demonstrated that any of the exceptions applies and accordingly reverse the district court's dismissal of Duckett's complaint and remand for further proceedings.

I

On April 4, 2013, Duckett and 15 other inmates at Kershaw, all proceeding pro se, filed a complaint against two SCDC employees and other state officials, challenging, under the Eighth Amendment, the quality of the food served at Kershaw. In the complaint, which is labeled "Class Action Complaint," the inmates alleged that the prison authorities failed to serve food satisfying recommended minimum daily amounts of vitamins and nutrients; that they served insufficient portions; and that they misrepresented food as beef when it was actually made from ground poultry offal and organs, thereby violating the inmates' Eighth Amendment rights. The inmates sought declaratory and injunctive relief, as well as damages. The parties agree that the complaint was drafted by Duckett's fellow inmate, Bernard McFadden, who was also one of the 16 plaintiffs in the action.

On review of the complaint under 28 U.S.C. § 1915, the district court ruled that the complaint "should not be allowed to proceed under one joint action," explaining, among other

4

things, that the "Plaintiffs have alleged a wide array of illnesses resulting from malnutrition that would require individualized findings." The court accordingly severed the case "into sixteen separate actions, individualized for each Plaintiff," and directed the clerk to file copies of the complaint under new case numbers, a different one for each plaintiff.

Following severance of the action, Duckett paid the required $350 filing fee out of his prison account and supplemented the allegations of his complaint with further allegations of his specific injury, claiming "Bleeding gums, weight loss, High Cholesterol, teeth damage, [and] Heart burn," among other things.

The state defendants filed a motion under Rule 12(b)(6) to dismiss Duckett's complaint, asserting that "[t]he subject matter of this action ha[d] already been litigated by Plaintiff's privies and a full and final decision on the merits [had been] rendered by this court." They specifically referred to a similar complaint, which the district court had dismissed on the merits, filed by inmate McFadden in 2010 against SCDC employees while McFadden was housed in the Kirkland Correctional Institution, another prison managed by the SCDC.

While the magistrate judge recommended concluding "that neither res judicata nor collateral estoppel bar[s] the

5

plaintiff's complaint," the district court granted the state defendants' motion to dismiss on res judicata grounds by order dated March 19, 2015.[1] In its supporting opinion, the court concluded that Duckett "[was] in privity with Plaintiff McFadden in the prior case," providing the following explanation:

> Had McFadden I been a successful suit for Plaintiff, Plaintiff in this case would have benefitted. In McFadden I, the Complaint sought "an Order directing the Defendants to serve nutritious and balanced meals according to the daily recommended food charts." Plaintiff here similarly seeks an Order requiring "a gradual change to daily recommended foods that are balanced and nutritious." Further, as far as any damages Plaintiff seeks, had McFadden I been successful, Plaintiff could have argued collateral estoppel barred Defendants from denying the facts that were litigated and thus would benefit from a favorable decision. Thus, Plaintiff has the same legal right as Plaintiff McFadden, and is in privity.

From the final judgment dismissing Duckett's claims with prejudice, Duckett filed this appeal. By order dated October 27, 2015, we appointed counsel to represent him on appeal.[2]

II

Duckett contends that he is not bound by the judgment in McFadden's 2010 suit because he was not a party to it; he never had his day in court on the issues presented in it; and he had

---

[1] In the same order, the district court dismissed, without prejudice, the claims against defendants Michael Fair, SC District 6, and Boyd Parr, a ruling that Duckett does not challenge on appeal.

[2] We are grateful for appointed counsel's able service.

6

"no meaningful way of participating" in it. In short, he argues that he cannot be bound by the judgment in that action unless his circumstances fit into one of the exceptions to the rule against nonparty preclusion recognized in Taylor. He asserts that, because none of the exceptions applies to his circumstances, we should reverse the district court's order dismissing his complaint.

The state defendants contend that Duckett is bound by the judgment in McFadden's 2010 suit because Duckett's interests in this action are "aligned with and even identical to" McFadden's interests in McFadden's 2010 suit and, therefore, Duckett is "in privity" with McFadden. They assert that "'privity' between parties exists, as a matter of law, when the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right." The state defendants maintain that the applicability of Taylor to this case is, "at best, minimal," because Taylor rejected a preclusion doctrine based on what is known as "virtual representation" and "did not discuss the concept of privity," on which the district court relied in this case. But even if Taylor were to control, they reason, at least one exception identified in Taylor would apply because Duckett "desires to create a substantive legal relationship with Inmate

7

McFadden" and is, in this case, "acting as an agent or proxy for Inmate McFadden to re-litigate his claims."

The district court agreed with the state defendants and dismissed Duckett's suit as precluded by the doctrine of res judicata.

The general rule is well established that once a person has had a full and fair opportunity to litigate a claim, the person is precluded, under the doctrine of res judicata, from relitigating it. See New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001). Sound considerations justify the doctrine. "[P]reclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979). The doctrine of res judicata, or claim preclusion, is applied to bar a suit in light of a prior judgment when three elements are demonstrated: (1) that "the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process"; (2) that "the parties are identical, or in privity, in the two actions"; and (3) that "the claims in the second matter are based upon the same cause of action involved in the earlier

8

proceeding" -- <u>i.e.</u>, the claims "arise out of the same transaction or series of transactions, or the same core of operative facts." <u>In re Varat Enterprises, Inc.</u>, 81 F.3d 1310, 1315-16 (4th Cir. 1996) (citations omitted).

Thus, in this case, it cannot be disputed that inmate McFadden is precluded from relitigating the claims he asserted and lost in his 2010 suit. The question presented here, however, is whether <u>Duckett</u>'s present action, raising the same claims that McFadden made in the 2010 suit, is barred by the doctrine of claim preclusion even though Duckett was not a party to McFadden's 2010 suit and did not participate in it. The answer is provided definitively by <u>Taylor</u>.

In <u>Taylor</u>, the Supreme Court noted that under the "deep-rooted historic tradition that everyone should have his own day in court" with a "full and fair opportunity to litigate the claims and issues," a person not designated a party to an action nor served with process in it "is [generally] not bound by a judgment <u>in</u> <u>personam</u>" entered in the action. 553 U.S. at 892-93 (internal quotations marks omitted) (quoting <u>Richards v. Jefferson Cnty.</u>, 517 U.S. 793, 798 (1996)). But the general rule has exceptions such that the nonparty may nonetheless be bound by a judgment entered in the action. The <u>Taylor</u> Court identified six such exceptions.

First, a nonparty who agrees to be bound by a judgment in an action "'is bound in accordance with the terms of his agreement.'" Taylor, 553 U.S. at 893 (quoting 1 Restatement (Second) of Judgments § 40 (1980)). Second, a nonparty may be bound by a judgment "based on a variety of pre-existing substantive legal relationships" between the nonparty and a party in the action, such as "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor." Id. at 894 (alteration, internal quotation marks, and citation omitted). Third, a nonparty may be bound by a judgment when the nonparty was adequately represented in the action by a party with the same interests, such as in "properly conducted class actions, and suits brought by trustees, guardians, and other fiduciaries." Id. (citations omitted). Fourth, a nonparty is bound by a judgment if the nonparty "'assume[d] control' over the litigation in which that judgment was rendered." Id. at 895 (alteration in original) (quoting Montana, 440 U.S. at 154). Fifth, "a party bound by a judgment may not avoid its preclusive force by relitigating through a proxy," making preclusion "appropriate when a nonparty later brings suit as an agent for a party who is bound by a judgment." Id. And sixth, "in certain circumstances a special statutory scheme may 'expressly foreclos[e] successive litigation by nonlitigants . . . if the scheme is otherwise consistent with due process.'" Id.

10

(alteration in original) (quoting Martin v. Wilks, 490 U.S. 755, 762 n.2 (1989)).

These six exceptions to the rule against nonparty claim preclusion constitute an exhaustive list for cases such as this. As the Taylor Court stated unequivocally, "The preclusive effects of a judgment in a federal-question case decided by a federal court should . . . be determined according to the established grounds for nonparty preclusion described in this opinion." 553 U.S. at 904 (emphasis added).

Despite the state defendants' arguments to the contrary, therefore, the resolution of the issue presented in this appeal begins and ends with Taylor. While the state defendants correctly point out that the Taylor Court declined to use the term "privity" -- with the Court explaining that it was avoiding the term to prevent confusion, 553 U.S. at 894 n.8 -- no one can seriously dispute that the Court nonetheless sought to provide a comprehensive synthesis of the "discrete exceptions that apply in 'limited circumstances'" to the "fundamental . . . rule that a litigant is not bound by a judgment to which she was not a party," id. at 898 (quoting Martin, 490 U.S. at 762 n.2). Consequently, the question of whether the judgment in McFadden's 2010 suit bars Duckett from pursuing his claims in this case must be determined according to the grounds for nonparty preclusion described in Taylor. See id. at 904.

11

Turning to this case, the relevant facts to consider are those alleged in Duckett's complaint and the undisputed record facts from McFadden's 2010 suit, of which the district court in this case took judicial notice. See Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000). These facts show that, in 2010, McFadden, while incarcerated at Kirkland, filed a complaint alleging that SCDC employees had served deficient food and thereby violated his Eighth Amendment rights. The district court dismissed that action on the merits. Duckett was not a party to that action, nor was he in any way involved in its process. Indeed, he was, at the time, incarcerated at Kershaw, a different prison.

After McFadden was transferred from Kirkland to Kershaw, he drafted a complaint on behalf of himself and 15 other inmates, including Duckett, to challenge the adequacy of the food served at Kershaw. This complaint made the same claims that McFadden had made in 2010 while at Kirkland. When the district court severed the action, requiring each inmate to prosecute his own claims, Duckett did indeed pursue his own, using the McFadden-drafted complaint and adding his own allegations about the injuries he claimed to be suffering. The district court dismissed Duckett's action because the complaint was virtually identical to McFadden's 2010 complaint that had been dismissed, stating that "to go forward would mean relitigating the same

12

issues this court litigated in McFadden I. This goes against the principles behind res judicata." Because Duckett was not a party to McFadden's 2010 suit and was not served in that action, however, he cannot be bound by the judgment of dismissal in that action unless one of the six Taylor exceptions applies.

It appears undisputed that four of the six Taylor exceptions clearly have no applicability here. There is no indication that Duckett agreed to be bound by the judgment in McFadden's 2010 suit (exception one); that McFadden represented Duckett in the 2010 suit through a class action mechanism or other type of representational action, such that McFadden functioned as Duckett's trustee, guardian, or fiduciary (exception three); that Duckett assumed control over McFadden's 2010 suit (exception four); or that Duckett's action implicated a special statutory scheme limiting relitigation (exception six).

As to the second Taylor exception, which applies based on "a variety of pre-existing substantive legal relationships between the person to be bound [in the current action] and a party to the [previous] judgment," Taylor, 553 U.S. at 894 (alteration, internal quotation marks, and citation omitted), the state defendants suggest, almost in passing, that this exception applies here. But this casual assertion misunderstands the nature of the exception, which is reserved

13

for a variety of legal, property-based relationships. As the Taylor Court explained, relationships qualifying under the second exception include "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor," noting further that this exception "originated 'as much from the needs of property law as from the values of preclusion by judgment.'" Id. (quoting 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4448 (2d ed. 2002)). Nothing in this record hints of any qualifying substantive legal relationship between Duckett and McFadden that might implicate the second exception.

The state defendants' argument for nonparty preclusion therefore can rest only, if at all, on the fifth exception, which would preclude Duckett from bringing his suit "as a representative or agent of [McFadden] who is bound by the prior adjudication." Taylor, 553 U.S. at 905. But nothing in the record supports this exception, which, in essence, is aimed at precluding McFadden from relitigating his 2010 case by using Duckett as his foil. To be sure, McFadden apparently drafted the original complaint in this case for himself and 15 other inmates, and, indeed, Duckett has referred to McFadden as a "jailhouse lawyer." But such jailhouse-lawyer assistance does not prove that Duckett is acting "subject to the control" of McFadden for the purpose of pursuing McFadden's claim. Id. at

14

906. To the contrary, the record indicates that Duckett used McFadden's assistance to pursue his own claim. Duckett signed the original complaint as a plaintiff, and his joinder was consistent with his own earlier grievance about the institution's food, which he filed in May 2012, nearly a year before this action was commenced. In addition, when Duckett's claim was severed from the claims of the other 15 inmates, Duckett paid the filing fee from his own prison account and supplied the court with language, in his own words, describing the nature of his personal injuries. Nothing in the record suggests that Duckett was acting as an agent for McFadden to pursue McFadden's claims or that McFadden was serving as some form of "puppeteer" controlling Duckett, as the state defendants argue. Taylor's fifth exception thus does not apply to this case.

At bottom, we conclude that the state defendants have failed, at this stage, to meet their burden of demonstrating the applicability of any of the six Taylor exceptions to the rule against nonparty preclusion. Accordingly, as a nonparty to McFadden's 2010 suit, Duckett is not barred by a judgment in that suit from pursuing his own similar claims in this action. The district court's judgment dismissing Duckett's complaint

15

under Federal Rule of Civil Procedure 12(b)(6) is thus reversed, and the case is remanded for further proceedings.

<u>REVERSED AND REMANDED</u>