**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-2067**

_____

LAKESHA RUFFIN,

                Plaintiff - Appellant,

     v.

LOCKHEED MARTIN CORPORATION,

                Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:13-cv-02744-WDQ)

_____

Submitted: August 30, 2016      Decided: September 13, 2016

_____

Before NIEMEYER, KEENAN, and THACKER, Circuit Judges.

_____

Affirmed in part; affirmed in part as modified by unpublished per curiam opinion.

_____

James C. Strouse, STROUSE LEGAL SERVICES, Columbia, Maryland, for Appellant. Michael J. Murphy, Denise E. Giraudo, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lakesha Ruffin appeals from the district court's August 24, 2015, order granting judgment on the pleadings under Fed. R. Civ. P. 12(c) to Lockheed Martin Corporation (Lockheed) on her claims for race discrimination (count I), sexual harassment (count II), and a hostile work environment (count III) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2012) (Title VII), dismissing for lack of subject matter jurisdiction her claim (count IV) for a violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 to 12213 (2012) (ADA),[1] and denying her motion for leave to amend the complaint.[2]  We affirm in part and affirm in part as modified.

---

[1] Invoking Fed. R. Civ. P. 12(h)(3), Lockheed argued in its motion for judgment that subject matter jurisdiction over count IV was lacking based on Ruffin's failure to exhaust administrative remedies.  The district court agreed, relying on lack of subject matter jurisdiction over count IV that was not cured by the proposed amended complaint in rendering judgment with respect to this count.

[2] Ruffin's notice of appeal states that she wishes to appeal the district court's August 15, 2015, decision.  The district court's order granting judgment on the pleadings, dismissing Ruffin's ADA claim, and denying Ruffin's motion for leave to amend was entered on the district court's docket on August 24, 2015.  There is no August 15, 2015, order in this case. Although "we do not commend the careless formulation of [Ruffin's] notice of appeal," Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005), we conclude that intent to appeal the August 24 order is readily inferable.  The district court clerk
(Continued)

2

We review de novo a district court's ruling on a motion for judgment on the pleadings under Rule 12(c), applying the same standard of review as we apply to a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. Butler v. United States, 702 F.3d 749, 751-52 (4th Cir. 2012). Specifically, we look to determine whether the complaint alleges "facts sufficient to raise a right to relief above the speculative level, thereby nudging the claims across the line from conceivable to plausible." Burnette v. Fahey, 687 F.3d 171, 180 (4th Cir. 2012) (internal quotation marks and alterations omitted). In undertaking this review, although we "must accept the truthfulness of all factual allegations, we need not assume the veracity of bare legal conclusions." Id. (internal quotation marks omitted). Rather, we must accept conclusions the plaintiff draws from the facts "only to the

---

docketed the notice as appealing the August 24 order, and Ruffin devotes her brief on appeal to arguing that the district court reversibly erred in that order. Lockheed had the opportunity to fully brief relevant issues, including whether any deficiencies in the notice of appeal deprived this court of jurisdiction over the August 24 order. It chose instead to explain why the district court did not commit reversible error in the August 24 order. Lockheed thus was not prejudiced by this deficiency, and we may properly consider the August 24 order in this appeal. See id.

3

extent they are plausible based on the factual allegations." Id.

"Under Federal Rule of Civil Procedure 15(a)(2), the grant or denial of an opportunity to amend is within the discretion of the district court." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014) (internal quotation marks omitted). We thus review the district court's denial of leave to amend for abuse of discretion. Id. "A district court's denial of leave to amend is appropriate when (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith on the part of the moving party; or (3) the amendment would have been futile." Id. (internal quotation marks omitted).

After review of the record and the parties' briefs, we conclude that the district court did not reversibly err in granting judgment on the pleadings to Lockheed on Ruffin's counts I, II, and III or in denying Ruffin's motion for leave to amend those counts. The original and proposed amended complaints did not articulate facts that, when accepted as true, demonstrate a plausible claim under Title VII that Lockheed terminated Ruffin's employment because of her race. See 42 U.S.C. § 2000e-2(a)(1); McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 584-86 (4th Cir. 2015), cert. denied, 136 S. Ct. 1162 (2016). The original and proposed

4

amended complaints also fail to articulate facts that, when accepted as true, demonstrate plausible claims under Title VII for sexual harassment and a hostile work environment. See Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277-78 (4th Cir. 2015) (en banc); Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011); Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 771-73 (4th Cir. 1997). Accordingly, we affirm the district court's order with respect to its disposition of counts I, II, and III. Ruffin v. Lockheed Martin Corp., No. 1:13-cv-02744-WDQ (D. Md. Aug. 24, 2015).[3]

With respect to count IV, we review a dismissal for lack of subject matter jurisdiction de novo. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406 (4th Cir. 2013). The ADA incorporates Title VII's enforcement provisions, including the requirement that a plaintiff exhaust her administrative remedies by filing an administrative charge of discrimination before pursuing a suit in federal court. Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 593 (4th Cir. 2012). A plaintiff's

---

[3] In this regard, we reject as flatly contradicted by the record Ruffin's argument that the district court erred by imposing on her a pleading standard more rigorous than required by Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002), in requiring her to plead a prima facie case of discrimination and Ruffin's other arguments on appeal with respect to counts I, II, and III.

5

failure to exhaust her administrative remedies deprives a court of subject matter jurisdiction over the claim. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). In determining whether jurisdiction exists, courts are to regard the allegations in the complaint as "mere evidence" and may properly consider evidence outside the pleadings without converting the proceeding into one for summary judgment. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

We conclude after review of the record that Ruffin failed to include in her administrative charge of discrimination the claim of termination from employment while on long-term disability leave underlying count IV in the complaint and proposed amended complaint. The district court thus properly concluded that it lacked subject matter jurisdiction over count IV, and we reject Ruffin's arguments on appeal to the contrary. The court's dismissal of that count, however, should be without prejudice. See S. Walk at Broadlands Homeowner's Assoc., Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013). We therefore modify the district court's order to reflect that the dismissal of count IV for lack of subject matter jurisdiction is without prejudice and affirm the dismissal as modified. See 28 U.S.C. § 2106 (2012); MM ex rel.

DM v. Sch. Dist. of Greenville Cty., 303 F.3d 523, 536 (4th Cir. 2002) ("[W]e are entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record.").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
AFFIRMED IN PART AS MODIFIED