**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-1888**

_____

CENTRAARCHY RESTAURANT MANAGEMENT COMPANY,

Plaintiff - Appellee,

v.

PHILIP ANGELO; DERRICK BELTON; LAUREN ELIZABETH BROWN; MARISA COLONE; DARIAN SENTELL CRAFT; MICHAEL DIXON; KRISTIN EHLERS; RYAN A. FELDER; AMY BETH FRANKS; KATHRYN GJENNESTAD; GEORGETTE A. HARE; BENNY A. HARRIS, JR.; EMMA HOYLE; JORDAN HRIVNAK; PATRICK LOWERY; SUECIA MCKNIGHT; JACOB MCWATTERS; CONNER MILLEN; DANIEL A. MILLER; BENJAMIN EDWARD MURPHY; ALEXIS NUGENT-IACONA; AMBER CASKEY STOUGHTON; MARK ODEGARD; STEVEN M. SWANSON; CASEY OUTEN; SHENNANDOAH TALLMAN; LAUREN PIURKOSKI; CORINNA TAYLOR; ASHETON RICHARDSON; PATRICK THOMPSON; MALINA RIVAS; NATHANIEL G. WALKER, IV; NATALIE ROSIER; OLIVIA WILDMAN; KEEGAN SHELTON; MARINDA WILLIAMS; ANDREA SMALL; WESLEY A. WILLIAMS; ERNEST SNOWDEN; TASHEKIA WILLIAMSON; KATHERINE STEIN; TANAI WOMACK; EMILY STOUFFER; SAMUEL ZAKRZEWSKI,

Defendants - Appellants,

and

PATRICIA CARMCAMO; CHELSEA MCCAFFREY COOK; DANIELLE DOWSEY; MARY AMANDA MOORE; JEREMY DOUGLAS NIELSEN,

Defendants.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge. (3:17-cv-03275-MBS)

Submitted: March 13, 2020                         Decided: March 25, 2020

Before AGEE and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Badge Humphries, Sullivan's Island, South Carolina, David Paavola, LEWIS BABCOCK L.L.P., Columbia, South Carolina; Todd Ellis, LAW OFFICE OF TODD ELLIS, P.A., Irmo, South Carolina; James M. Griffin, Margaret N. Fox, GRIFFIN | DAVIS, Columbia, South Carolina, for Appellants. Molly Hughes Cherry, NEXSEN PRUET, Charleston, South Carolina; Simon H. Bloom, Shannan F. Oliver, Adam D. Nugent, BLOOM PARHAM, LLP, Atlanta, Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants, who are former employees of the California Dreaming restaurant located in Columbia, South Carolina ("the Restaurant"), appeal the district court's orders dismissing their counterclaims, filed pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (2018), and the South Carolina Wage Payment Act, S.C. Code Ann. §§ 41-10-10 to 41-10-110 (1986 & Supp. 2019), against CentraArchy Restaurant Management Company ("CentraArchy"). The counterclaims were filed after CentraArchy brought an action seeking declaratory and injunctive relief against Appellants because Appellants filed arbitration demands attempting to challenge the legality of CentraArchy's use of a tip pool at the Restaurant. The district court granted CentraArchy's motions for judgment on the pleadings and for partial summary judgment after determining that the doctrines of claim preclusion and issue preclusion barred Appellants' counterclaims because the substance of those claims was fully litigated in an arbitration proceeding in which Appellants previously participated. We disagree.

We review de novo a district court's ruling on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). The standard of review for Rule 12(c) motions is the same as the standard used to review a district court's ruling on a motion brought under Fed. R. Civ. P. 12(b)(6). *See Butler v. United States*, 702 F.3d 749, 751-52 (4th Cir. 2012). Thus, "a motion for judgment on the pleadings should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove

3

any set of facts in support of his claim entitling him to relief." *Drager*, 741 F.3d at 474 (internal quotation marks omitted)). In other words, a Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact. *See Butler*, 702 F.3d at 752.

We also review a district court's order granting summary judgment de novo, "applying the same standard that the district court was required to apply." *Calloway v. Lokey*, 948 F.3d 194, 201 (4th Cir. 2020). Thus, we must view all of the facts in the light most favorable to the nonmoving party and determine if the moving party has demonstrated "that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law." *W. C. English, Inc. v. Rummel, Klepper & Kahl, LLP*, 934 F.3d 398, 402-03 (4th Cir. 2019) (internal quotation marks omitted).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Thus, claim preclusion will apply to bar a suit based on a previous judgment only if: (1) "the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process[;]" (2) "the parties are identical, or in privity, in the two actions[;]" and (3) "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding—i.e., the claims arise out of the same transaction or series of transactions, or the same core of operative

4

facts." *Duckett v. Fuller*, 819 F.3d 740, 744 (4th Cir. 2016) (internal quotation marks omitted).

In contrast, issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *New Hampshire*, 532 U.S. at 748-49. To establish issue preclusion, a party must demonstrate that: (1) "that the issue sought to be precluded is identical to one previously litigated[;]" (2) "that the issue was actually determined in the prior proceeding[;] (3) that the issue's determination was a critical and necessary part of the decision in the prior proceeding[;]" (4) that the prior judgment is final and valid[;]" and (5) "that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum[.]" *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006) (internal quotation marks omitted).

By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate[,]" these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserve[] judicial resources, and foster[] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). "A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit[,]" however. *Taylor*, 553 U.S. at 892. Thus, in *Taylor*, the Supreme Court identified only six specific situations in which a nonparty will be bound by a prior judgment: (1) where the nonparty agrees to be bound by a judgment in a prior action; (2) where there is a pre-

5

existing substantive legal relationship between the nonparty and a party in the action; (3) when the nonparty was adequately represented in the action by a party with the same interests; (4) where the nonparty assumed control over the litigation in which that judgment was rendered; (5) where the nonparty serves as a proxy for the party bound by a prior judgment; and (6) where a special statutory scheme expressly forecloses successive litigation by nonlitigants, provided that scheme is otherwise consistent with due process. *Id.* at 893-95. "These six exceptions to the rule against nonparty claim preclusion constitute an exhaustive list for cases such as this[,]" and the party seeking to invoke res judicata against a party who was not a party to the previous litigation bears the burden of demonstrating that a *Taylor* exception applies. *Duckett*, 819 F.3d at 742, 745.

Despite the express direction by the Supreme Court that only the above-referenced exceptions allow res judicata to be invoked against a nonparty to prior litigation, the district court in this case never referred to *Taylor* when it granted CentraArchy's motion for judgment on the pleadings. And while recognizing that the "notion of 'virtual representation'" is to be "narrowly construed in the Fourth Circuit" and that there must be "tacit approval of the court[,]" the district court determined that "the elements of claim preclusion [were] met" in this case. (J.A. 237-38). This determination was erroneous for multiple reasons.

First, in identifying the six enumerated exceptions, the Supreme Court expressly rejected "the theory of virtual representation on which the decision below rested" and instructed that "[t]he preclusive effects of a judgment in a federal-question case decided by a federal court should instead be determined according to the established grounds for

6

nonparty preclusion described in [*Taylor*]." *Taylor*, 553 U.S. at 904. Second, the district court gave no consideration to whether CentraArchy met its burden of establishing that Appellants' claims could be precluded under any of the *Taylor* exceptions.

CentraArchy nonetheless asserts that the only *Taylor* exception arguably applicable in this case is the exception allowing for adequate representation by a party with the same interest. But as the Supreme Court explained in *Taylor*, "[r]epresentative suits with preclusive effect on nonparties include properly conducted class actions and suits brought by trustees, guardians, and other fiduciaries," which is not the case here. *Taylor*, 553 U.S. at 894-95 (internal citations omitted). And contrary to the situation when a suit is brought by someone with similar interests in a representative capacity, after insisting that Appellants' situations were too diverse to allow them to remain parties to the previous litigation, CentraArchy actually persisted in having the Appellants removed from the previous litigation upon which it now relies for preclusive effect.

While CentraArchy attempts to convince this court why Appellants' interests were sufficiently aligned with the plaintiffs in the previous litigation to allow for application of the adequate representation exception, the *Taylor* Court made clear that the exception applies only in limited situations not present here; there is no indication the plaintiffs in the previous litigation believed they were acting in a representative capacity, especially since Appellants were removed from the litigation, and nothing in the court's order adopting the arbitrator's final award suggests it was concerned with Appellants' interests. It is also notable that the arbitrator's order granting CentraArchy's motion for decertification of

7

Appellants in the previous litigation expressly stated that the dismissal of Appellants was not meant to prevent them from separately filing individual actions against CentraArchy.

Moreover, the analysis CentraArchy presents to this court is exactly the type of "diffuse balancing approach to nonparty preclusion" that the Supreme Court rejected in *Taylor* when it refused to recognize a "virtual representation exception[.]" *Taylor*, 553 U.S. at 899-901 ("[W]e have endeavored to delineate discrete exceptions that apply in limited circumstances [and] Respondents' amorphous balancing test is at odds with the constrained approach to nonparty preclusion our decisions advance." (internal quotation marks and citation omitted)). We thus find that applying the adequate representation exception to the only remaining plaintiffs in the previous litigation—who were related to Appellants merely because they, too, were employed by CentraArchy, rather than by virtue of a representative capacity similar to that which a "trustee[], guardian[], [or] other fiduciar[y]" would provide—would violate the "crisp rule[] with sharp corners" the Supreme Court found "preferable to a round-about doctrine of opaque standards." *Id.* at 901; *cf. United States v. Whyte*, 918 F.3d 339, 348 (4th Cir. 2019) (refusing to extend the *Taylor* "substantive legal relationship" exception because the "assignor-assignee relationship" mentioned in *Taylor* "applies only to claims concerning assigned property").

Based on the foregoing, we vacate the district court's final judgment and remand the matter for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*