**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1111

OXANA N. PARIKH,

       Plaintiff - Appellant,

   v.

ANTHONY G. BROWN; JOSEPH GRIFFIN; LYNN CAUDLE PENDLETON; JAMES J. DEBELIUS,

       Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:22-cv-00110-PX)

Submitted:  May 21, 2024                  Decided:  May 30, 2024

Before AGEE and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Oxana N. Parikh, Appellant Pro Se.  Kathryn Elizabeth Hummel, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland; James Debelius, CLIFFORD, DEBELIUS & BOYNTON, CHTD., Gaithersburg, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oxana Parikh appeals the district court's order dismissing her amended complaint against Brian Frosh, the former Attorney General of Maryland,[*] and Joseph Griffin, the Register of Wills for Montgomery County, Maryland, as barred by the Eleventh Amendment; dismissing her action against James J. Debelius and Lynn Caudle Pendleton as barred by res judicata; and imposing a prefiling injunction. In her amended complaint, Parikh raised claims under 42 U.S.C. §§ 1981, 1982, and 1983 and Maryland state law alleging unlawful interference with her right to make and enforce contracts, interference with her property rights, violations of her right to equal protection, defamation, and fraudulent misrepresentation, all in connection with the administration of her former father-in-law's estate in state court. Parikh challenges every aspect of the court's order. We affirm in part, vacate the portion of the order imposing sanctions, and remand for further proceedings.

We review de novo a district court's dismissal of an action as barred by the Eleventh Amendment. *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 542 (4th Cir. 2014). "The Eleventh Amendment immunizes states from suits seeking money damages." *Adams v. Ferguson*, 884 F.3d 219, 224 (4th Cir. 2018). "This immunity also applies to judgments against a public servant in his official capacity." *Id.* (cleaned up). "In contrast, the Eleventh Amendment does not bar an award of damages against an official in his personal capacity."

---

[*] Anthony G. Brown was sworn in as Maryland's Attorney General on January 3, 2023, and was automatically substituted for Frosh on appeal pursuant to Fed. R. App. P. 43(c)(2).

*Id.* at 225 (internal quotation marks omitted). Although Parikh's amended complaint named both state officials in their official "and/or" individual capacities, the Supreme Court has cautioned against "allowing an action to proceed simply because the complaint names a state official in his or her individual capacity." *Martin v. Wood*, 772 F.3d 192, 195 (4th Cir. 2014). Indeed, "the mere incantation of the term 'individual capacity' is not enough to transform an official capacity action into an individual capacity action." *Adams*, 884 F.3d at 225 (internal quotation marks omitted). When a plaintiff states in a complaint that she is bringing an individual-capacity suit, we ask whether anything "in the remainder of the complaint, or in the record, undermines [that] clear statement" and shows that the state is the real party in interest. *Id.* Upon review of the record, we conclude that the remainder of the amended complaint alleged claims against Frosh and Griffin only in their official capacities and that the state was the real party in interest. *See id.* Thus, sovereign immunity requires dismissal of the claims unless an exception applies. *See id.*

Parikh argues that her claims should proceed pursuant to the exception in *Ex Parte Young*, 209 U.S. 123 (1908). Under *Ex Parte Young*, sovereign immunity under the Eleventh Amendment does not extend to suits against state officials seeking prospective injunctive or declaratory relief designed to correct an ongoing violation of federal law. *Bragg v. W. Va. Coal Ass'n*, 248 F.3d 275, 292 (4th Cir. 2001). But "this exception does not apply when the alleged violation of federal law occurred entirely in the past"; it applies only when "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 747 (4th Cir. 2018) (internal quotation marks omitted). Parikh sought a declaratory judgment

3

stating that she was discriminated against during the state court proceedings, her full inheritance under the terms of her father-in-law's original will, and money damages. Because such relief is retrospective in nature, *Ex Parte Young* does not apply.

Turning to whether principles of res judicata barred Parikh's claims against Debelius and Pendleton, we again review the question de novo. *Providence Hall Assocs. v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016). Under the doctrine of res judicata, or claim preclusion, parties are prevented "from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020). If a subsequent suit "advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id.* (internal quotation marks omitted).

For res judicata to apply, there must be "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Providence Hall Assocs.*, 816 F.3d at 276 (internal quotation marks omitted). The second prong is met where "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding— i.e., the claims arise out of the same transaction or series of transactions, or the same core of operative facts." *Duckett v. Fuller*, 819 F.3d 740, 744 (4th Cir. 2016) (cleaned up). We agree with the district court that Parikh litigated her claims to finality many times and that res judicata therefore applies to bar her claims against Debelius and Pendleton.

Finally, we review a district court's decision regarding Fed. R. Civ. P. 11 sanctions for abuse of discretion. *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1007 (4th Cir. 2014). Parikh argues that the court abused its discretion by imposing sanctions without requesting a response from her. Under the district court's local rules, "the [c]ourt shall not grant any motion [for sanctions] without requesting a response." D. Md. Local R. 105.8(b); *see Ortega v. Geelhaar*, 914 F.2d 495, 498 (4th Cir. 1990). Here, the district court did not request a response from Parikh as required by the local rule before granting the Rule 11 motion and imposing the prefiling injunction. Thus, we vacate this portion of the district court's order imposing sanctions and remand for further proceedings.

Accordingly, we affirm in part, vacate in part, and remand for further proceedings on the issue of sanctions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

5