**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-17-1356-TaLLs |
| RAYMOND ESQUERRA, | Bk. No. 2:12-bk-47614-VZ |
| Debtor. | |
| JTF ROSE, INC., | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| RAYMOND ESQUERRA, | |
| Appellee. | |

Argued and Submitted on June 21, 2018
at Pasadena, CA

Filed – August 7, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Vincent P. Zurzolo, Bankruptcy Judge, Presiding

———————

Appearances:    Donna L. La Porte of LA Porte Law argued for appellant;
                David Brian Lally of Law Office of David Brian Lally
                argued for appellee.

———————

Before: Taylor, Lafferty, and Lastreto,** Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Raymond Esquerra confirmed a plan that allowed him, if he completed it and obtained a discharge, to avoid a junior lien on his residence held by JTF Rose, Inc. ("JTF"). JTF stipulated to this relief. Thereafter, however, it had a change of heart.

After its first motion to dismiss was denied, JTF eventually conducted a Rule 2004 examination of Debtor and obtained documents from him in connection with that examination. Based on the examination and documents, JTF filed a second motion to dismiss the case; it alleged that Debtor's bad faith established cause for dismissal. The bankruptcy

———————

** The Hon. René Lastreto II, United States Bankruptcy Judge for the Eastern District of California, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, all "Civil Rule" references are to the Federal Rules of Civil Procedure, and all "LBR" or "local rules" references are to the local rules for the United States Bankruptcy Court for the Central District of California.

court denied the motion for insufficient proof of service and because JTF violated the relevant local bankruptcy rule (LBR 7030-1(b)) when it submitted the Rule 2004 examination transcript.

Thirteen days later, JTF filed a third motion to dismiss. Although it corrected its service deficiency, it did not correct its use of the Rule 2004 examination transcript; the bankruptcy court, as a result, struck this evidence. The bankruptcy court then denied the third motion to dismiss because JTF: failed to comply with a different local bankruptcy rule, LBR 9013-1(*l*); again failed to comply with LBR 7030-1(b); and did not address why issue and claim preclusion did not prevent it from bringing the motion.

On appeal, JTF argues that issue and claim preclusion did not bar the third motion, that the local bankruptcy rules are invalid, and that the bankruptcy court abused its discretion when it did not consider all documentary and declaratory evidence JTF submitted with the motion.

Given JTF's consistent disregard of the local bankruptcy rules, the bankruptcy court correctly struck the Rule 2004 examination transcript. But it wrongly concluded that preclusion was available. Because we lack sufficient findings to otherwise support denial of the motion, however, we cannot tell in the first instance on appeal if the bankruptcy court's error was harmless.

Accordingly, we VACATE the order denying the motion to dismiss

and REMAND for additional findings.

## FACTS[2]

**Earlier bankruptcies.** This is not the first bankruptcy proceeding involving JTF's claim. In 2010, Debtor's wife filed a chapter 7 petition. JTF obtained stay relief, and Debtor's wife received a discharge.

In March 2012, Debtor filed a chapter 13 petition. But that case was dismissed in June 2012 before confirmation of a chapter 13 plan.

**The present bankruptcy case.** In November 2012, Debtor filed a pro se chapter 7 petition. After the chapter 7 trustee issued a no distribution report, Debtor hired counsel and converted the case to chapter 13.

In December 2013, the bankruptcy court entered an order confirming Debtor's amended chapter 13 plan.

Two months later, Debtor and JTF stipulated that JTF's lien would be avoided and treated as an unsecured claim contingent on Debtor's completion of his chapter 13 plan and receipt of a discharge.

**JTF's first motion to dismiss and other motion practice.** In June 2016, JTF filed its first motion to dismiss. JTF requested, in the alternative, stay relief. The bankruptcy court denied the motion for insufficient proof of service and because Jeff Rose's declaration submitted in support of the

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

4

motion was signed by his attorney.

In May 2017, JTF filed a motion under Rule 2004 for production of documents and examination. Again, JTF submitted two declarations and a request for judicial notice. The bankruptcy court granted the motion. The examination lasted two days.

**The second motion to dismiss.** JTF thereafter filed its second motion to dismiss. In its motion, JTF argued that the case should be dismissed as Debtor's bad faith and fraud on the court established cause. More particularly, it alleged that Debtor failed to disclose: pre- and postpetition income and expenses; workers' compensation claims and awards; disbursements and loans from retirement accounts; postpetition transfer and acquisition of automobiles; the operation of a business; and the use of funds for frequent gambling trips. In support, JTF submitted a request for judicial notice and two declarations with exhibits that included portions of the Rule 2004 examination and various other types of documentary evidence.

Debtor opposed and also filed amended schedules.

The bankruptcy court denied the motion for two reasons. First, it concluded that the Rule 2004 examination transcript was inadmissible, in part because JTF failed to comply with local rule 7030-1. Second, it denied the motion for insufficient proof of service under the local bankruptcy rules.

**The third motion to dismiss.** Promptly thereafter, JTF filed a third motion to dismiss which was substantively identical to the second. JTF added a paragraph noting that it filed the second motion to dismiss and that the court had denied the motion. JTF again submitted two declarations and a request for judicial notice. The declarations, too, are substantively identical, except one of the declarations included an additional paragraph discussing the second motion to dismiss and its denial. And notably, JTF did not change how it presented the Rule 2004 examination transcript.

Debtor opposed; he argued, in part, that the third motion to dismiss was barred by claim and issue preclusion based on the bankruptcy court's denial of the first and second motions. He also submitted a declaration in which he offered explanations for each of the alleged non-disclosures.

JTF replied, submitted two additional declarations, filed evidentiary objections to Debtor's declaration, and objected to a document purporting to be Debtor's wife's declaration.

**The bankruptcy court's decision on the third motion to dismiss.** After hearing oral argument, the bankruptcy court provided an oral ruling. It first ruled on JTF's evidentiary objections: it struck Debtor's wife's declaration as filed late and then punctiliously addressed the individual objections to Debtor's declaration.[3]

---

[3] In his appellate oral argument, Debtor's counsel stated that the bankruptcy
(continued...)

6

It then found that JTF failed to comply with the local rule that imposes a "requirement that when a motion is filed more than once the moving party has an obligation to state clearly in the motion why the motion has been brought more than once." Hr'g Tr. (Nov. 13, 2017) at 15:17–19.

Next, it found that JTF violated the local bankruptcy rules by not properly submitting the Rule 2004 examination transcript. And it, accordingly, struck the transcript. The bankruptcy court then remarked: "A significant portion of the evidence submitted in support of this motion is founded upon the testimony elicited in a 2004 examination." *Id.* at 16:8–10. The bankruptcy court further opined that striking that transcript, then, resulted in a "significant deficiency in evidence" supporting the motion. *Id.* at 16:8–15.

Finally, the bankruptcy court addressed issue and claim preclusion: "And then also I note that the moving party has failed to adequately address the argument made by the respondent as to why the doctrines of issue preclusion and claim preclusion don't bar the relief sought in this motion." *Id.* at 16:18–22. And JTF could have, the bankruptcy court explained, raised "several, if not all of the issues" in its previous motions to dismiss and it "failed to explain why that wasn't done" or provide an

---

[3](...continued)
court made evidentiary rulings about JTF's declaratory evidence. It did not.

explanation why issue and claim preclusion "don't bar the repeated seeking of the same form of relief." *Id.* at 16:23–17:3.

The bankruptcy court later entered an order consistent with its oral ruling. JTF timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err when it denied the motion to dismiss?

## STANDARD OF REVIEW

We review the bankruptcy court's decision on dismissal of a chapter 13 case for an abuse of discretion. *Schlegel v. Billingslea (In re Schlegel)*, 526 B.R. 333, 338 (9th Cir. BAP 2015). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

We review the bankruptcy court's decision about the availability of issue preclusion de novo. *Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456, 461 (9th Cir. BAP 2015).

8

## DISCUSSION

Section 1307(c) sets forth a nonexclusive list of factors that constitute "cause" for conversion or dismissal of a chapter 13 case. *See* 11 U.S.C. § 1307(c); *In re Schlegel*, 526 B.R. at 339. Whether dismissal is appropriate is committed to the sole discretion of the bankruptcy court. *Id.*

The bankruptcy court denied the motion on procedural grounds, given JTF's noncompliance with the local rules, and based on claim and issue preclusion grounds. We start with the latter.

## A. The bankruptcy court erred when it concluded that issue or claim preclusion applied.

Neither claim nor issue preclusion justified denying the third motion in its entirety.

Issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). "The preclusive effect of a federal-court judgment is determined by federal common law." *Id.* at 891. And under federal common law, the elements of issue preclusion are: "(1) the issue at stake is identical to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of

9

the judgment in the earlier action." *Thacker v. Fed. Commc'ns Comm. (In re Magnacom Wireless, LLC)*, 503 F.3d 984, 996 (9th Cir. 2007) (quoting *Littlejohn v. United States*, 321 F.3d 915, 923 (9th Cir. 2003)).

Claim preclusion "prevents the relitigation of claims previously tried and decided." *Littlejohn*, 321 F.3d at 919–20. "It bars the subsequent application of all defenses that could have been asserted in a previous action between the same parties on the same cause of action, even if such contentions were not raised." *Id.* at 920. It applies when there is: " '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.' " *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).

The first and second motions to dismiss were denied predominantly on procedural grounds.[4] As a result, the bankruptcy court never made a determination about the merits of JTF's argument that there was § 1307(c) cause to dismiss Debtor's chapter 13 case, much less a determination that was a critical and necessary part of the order denying the motions. And claim preclusion does not apply to either denial: the bankruptcy court

---

[4] To review, the first motion was denied because: (1) there was no proof of service showing service on all creditors; (2) a declaration was signed by the wrong individual; and (3) a request for stay relief cannot be combined with a motion to dismiss. And the second motion was denied for two reasons: (1) there was no proof of service showing service on all creditors; and (2) the Rule 2004 examination transcript was stricken based on failure to comply with LBR 7030-1.

never entered final judgments on the merits because it did not need to reach the merits in order to dismiss on procedural grounds.

Perhaps cognizant of this, on appeal, Debtor shifts the focus of his preclusion arguments to his confirmed chapter 13 plan and its accompanying confirmation order. But these are new arguments on appeal. And a "litigant may waive an issue by failing to raise it in a bankruptcy court." *Mano-Y&M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 2014). And "in general, 'a federal appellate court does not consider an issue not passed upon below.'" *Id.* (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)); *see also Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal . . . are deemed forfeited."). That said, we acknowledge that we: "have discretion to consider arguments raised for the first time on appeal, but do so only if there are exceptional circumstances." *In re Mortg. Store, Inc.*, 773 F.3d at 998 (internal quotation marks omitted). But no exceptional circumstances exist here. In any event, Debtor's argument would not justify affirming on an alternate basis: the bankruptcy court noted on the record that some of the alleged failures to disclose were postconfirmation, so even if some of JTF's arguments are subject to preclusion resolution by virtue of the plan confirmation order, not all are. As a result, we need not separately parse the individual points. Instead, we leave it to the bankruptcy court to decide

whether issue or claim preclusion is available, at least in part.[5]

**B.     We cannot tell, in the first instance on appeal, whether the bankruptcy court's error was harmless.**

In addition to the preclusion grounds, the bankruptcy court denied the motion for insufficient evidence and because JTF failed to comply with LBR 9013-1 and LBR 7030-1. As an initial matter, JTF disputes the validity of the local bankruptcy rules.

**1.     The local bankruptcy rules are not invalid.**

We start with a summary review of the two relevant local bankruptcy rules. LBR 9013-1(*l*) requires counsel, when they file a motion seeking relief similar to the relief they sought in a previously-filed motion, to provide an explanatory declaration. And LBR 7030-1(b) governs use of deposition testimony at a contested hearing or trial; it requires a party to identify the portions of the transcript it seeks to use and allows for the opposing party to countermark testimony and for both parties to mark objections in the margins. As for sanctions, LBR 9013-1(*l*) provides that failure to comply "is grounds for the court to set aside any order or ruling made on the subsequent motion, and subjects the offending party or attorney to

---

[5] It is not clear that the bankruptcy court engaged in a full preclusion analysis. Instead, in its oral ruling, the bankruptcy court faulted JTF for not addressing Debtor's preclusion argument; it then perfunctorily found that, as a result of denial of the first and second motion, issue and claim preclusion prevented JTF from bringing the third motion. But JTF did address preclusion in connection with the third motion; it argued that preclusion did not apply.

sanctions." LBR 9013-1(*l*). LBR 7030-1 does not specify a sanction for non-compliance.

JTF has not shown that either rule is invalid.

Under Rule 9029, bankruptcy courts may in certain circumstances adopt their own local bankruptcy rules. *Pham v. Golden (In re Pham)*, 536 B.R. 424, 432 (9th Cir. BAP 2015). But "this power is strictly limited." *Id.* A "local rule of bankruptcy procedure cannot be applied in a manner that conflicts with the federal rules." *Anwar v. Johnson*, 720 F.3d 1183, 1189 (9th Cir. 2013). Nor can a local bankruptcy rule "enlarge, abridge, or modify any substantive right." *Id.* (quoting *Sunahara v. Burchard (In re Sunahara)*, 326 B.R. 768, 782 (9th Cir. BAP 2005)). We review the validity of a local rule de novo. *Pham*, 536 B.R. at 430. In short, local bankruptcy rules must be "consistent with—but not duplicative of—Acts of Congress" and the Rules and they cannot "prohibit or limit the use of the Official Forms." Fed. R. Bankr. P. 9029(a)(1).

To start, JTF does not contend that either local rule prohibits or limits the use of the Official Forms. Next, JTF misunderstands the "duplicative" analysis as prohibiting local rules that are "more than duplicative" of the Rules or Civil Rules (*i.e.*, they do more than the Rules or Civil Rules); to the contrary, as Rule 9029 makes clear, local rules that are only duplicative of the Rules or Civil Rules are invalid. And that leaves JTF's "not consistent with" argument. JTF states that neither the Rules nor Civil Rules "contain

13

the extensive requirements and penalty set forth in LBR 9013-1" and, as a result, LBR 9013-1 "is not consistent with FRBP 9013, is more than duplicative of FRBP 9013, and abridges a movant's rights where as here the Court strictly applies the LBR to deny Appellant's substantive right to have the case dismissed upon motion." JTF makes a nearly identical argument about LBR 7030-1 but compares it to Rule 9030 and Civil Rule 30.

We disagree. JTF's consistency argument suffers the same flaw as its "not duplicative" point: just because the local rules impose additional requirements on JTF does not mean that they are inconsistent with the Rules. At heart, JTF is concerned about the bankruptcy court's "strictly" applying the local rules to deny its motion. But, as we discuss below, bankruptcy courts may issue terminating sanctions for non-compliance with local bankruptcy rules. So in an appropriate circumstance, denial of a motion for failure to comply with a local rule is not inconsistent with either the Rules or Civil Rules.

2. **We cannot determine, in the first instance on appeal, whether after considering the remaining evidence, the bankruptcy court would still deny the motion.**

The bankruptcy court had various types of evidence before it when it denied the motion for insufficient evidence. The evidence included the Rule 2004 examination transcript. The bankruptcy court struck the transcript as inadmissible and because JTF violated LBR 7030-1(b). On appeal, JTF seems resigned to its noncompliance with that rule—it does not

14

argue that the bankruptcy court's application of LBR 7030-1(b) was improper; instead, it asserts only that the local rule is invalid. But we have dispensed with that argument. Accordingly, we conclude that the bankruptcy court appropriately struck the Rule 2004 examination transcript.[6]

Next, the bankruptcy court observed that there was a significant deficiency in evidence supporting the motion. Instead of addressing the remainder of the evidence, the bankruptcy court proceeded to deny the motion on preclusion grounds. But we have concluded that preclusion was not available.[7] And we cannot tell whether the bankruptcy court would still deny the third motion to dismiss in the absence of the Rule 2004 examination transcript and if preclusion were not available.

On appeal, JTF argues that the bankruptcy court abused its discretion when it did not consider the remaining "abundant" evidence of bad faith

---

[6] And this is not subject to much dispute. The bankruptcy court denied the second motion in part because JTF did not comply with LBR 7030-1(b); and the bankruptcy court made this abundantly clear on the record. And yet, thirteen days later, JTF filed its motion and submitted the Rule 2004 examination in exactly the same form. And so the bankruptcy court struck the offending document. This was a proportionate consequence for JTF's repeated flouting of that local bankruptcy rule.

[7] To be clear, any error in the preclusion decision would have been harmless if the Rule 2004 examination transcript was the only evidence JTF submitted in support of its motion. But JTF submitted additional items, and because it had denied the motion on other grounds, the bankruptcy court at that time had no need to weigh in on or address the remainder of the items.

and "strictly" applied the local bankruptcy rules as the basis for denying the motion. JTF would have us reverse and direct the bankruptcy court to dismiss the case for cause under § 1307(c). But we are not equipped to decide this for the first time on appeal.[8] After canvassing the evidence, the bankruptcy court may deny the motion and determine that dismissal under § 1307(c) is not appropriate on the merits.

Alternatively, the bankruptcy court may determine that denial of the motion is appropriate as a terminating sanction—this implicates JTF's concern about a "strict" application of the local bankruptcy rules. A "terminating sanction for noncompliance with a local rule is appropriate only if three criteria are met." *Lee v. Roessler–Lobert (In re Roessler–Lobert)*, 567 B.R. 560, 573 (9th Cir. BAP 2017). "First, the noncompliance must involve an enhanced degree of fault, such as willfulness, bad faith, recklessness, or gross negligence, as compared to mere negligence or oversight." *Id.* (citing cases).[9] "Second, the sanction must pass muster

_____

[8] For instance, JTF argues that the documentary evidence reveals bad faith; but it obtained those documents in connection with the Rule 2004 examination, and it is not clear if or how many of those documents remain admissible if the Rule 2004 examination transcript is unavailable to JTF. On the other hand, JTF contends that its attorney and principal may testify about Debtor's statements at the Rule 2004 examination because they were both present at it. And it points out that their repetition of Debtor's statements, even if offered for their truth, would likely not be hearsay because they are statements of an opposing party. Fed. R. Evid. 801(d)(2).

[9] JTF argues that it complied with LBR 9013-1's requirements because it

(continued...)

16

under the five-factor test of [*Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986)] and [*Malone v. U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1987)]." *Id.*[10] And last, "the court must consider whether the punishment is proportionate to the offense." *Id.* When considering whether a "sanction is proportionate, the court must consider the relative culpability of the party and [its] counsel." *Id.*

Finally, in the meantime, Debtor has completed his chapter 13 plan and requested a discharge; JTF opposes. The bankruptcy court's resolution of that motion may render this dispute moot.

In short, because the bankruptcy court has considerable latitude in how to handle and decide JTF's motion, we are not prepared to determine, in the first instance and on appeal, that dismissal was appropriate.

## CONCLUSION

Based on the foregoing, we VACATE the order denying the third

---

(...continued)
submitted the declaration of Donna La Porte, which in part described both the first and second motion to dismiss and why the bankruptcy court denied them. JTF also included a description of the first and second motions in the text of the third motion. Although we need not determine whether this was strict compliance with the local rule, we do note that JTF complied in part and with the spirit of the local rule. This may be relevant when evaluating the degree of fault.

[10] That five-factor test requires considering: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions.' " *Id.* at 568 (quoting *Henderson*, 779 F.2d at 1421).

motion to dismiss and REMAND for further findings of fact and conclusions of law.